*\*FRANCIS W. SHULTZ v. JACOB J. HOUCK, **24***
Executor of Chloe M. Houck.

*Decided May 26th, 1868.*

WILLS ; PROBATE ; RESIDENCE OF TESTATOR ; JURISDICTION OF ORPHANS' COURT NOT TO BE COLLATERALLY ATTACKED.

A, died seized of a lot in Carroll County, where she resided; her death occurred suddenly in the City of Baltimore. She left a will which was admitted to probate on the 3rd of September, 1866, by the Orphans' Court of Carroll County, and letters testamentary were duly granted to the executor named therein. The husband of a beneficiary under the will, on the 11th of February, 1867, filed a petition asking that the letters testamentary, and the order admitting the will to probate, might be revoked. *Held:*

That the Orphans' Court of Carroll County was the proper tribunal to admit the will to probate, and grant the letters testamentary, and hav-

ing exercised the power, its action, and the authority of the executor thereunder, cannot be questioned in any collateral proceeding. (a)

pp. 27, 26

That its action was final and conclusive, and could only be corrected, if erroneous, by appeal, in proper time, or by itself, if it had acted improvidently under circumstances of mistake, fraud or deceit, upon proper application, in due time. (b)                                      p. 27

Appeal from the Orphans' Court of Carroll County.

The will of Chloe M. Houck, was admitted to probate by the Orphans' Court of Carroll County, and letters testamentary on her estate were granted to Jacob J. Houck, on the 3rd of September, 1866; on the same day an order was passed, directing the executor to sell, pursuant to a direction contained in the will, the real estate of the testatrix, situate in said county, and the same was sold on the 20th of October following to the appellant, the husband of Ann Shultz, one of the beneficiaries under the will, for $400, and the sale was reported for ratification on the 5th of November following. On the 11th of Feb-

---

(a)   By the Code of Pub. Gen. Laws, Art. 93, sec. 14, letters of administration may be granted by the Orphans' Court of the county wherein was the mansion of the decedent, or if he had no mansion or residence within the State, then in the county where the party died. By the 326th sec. of the same Article, any will or codicil may be proved in any county or Baltimore City, wherein letters testamentary or of administration may be granted. See also *Ensor v. Graff*, 43 Md. 295. But *cf. Stanley v. Safe Deposit and Trust Co.*, decided by the Court of Appeals, April 1st, 1898, holding that the Orphans' Court has the power to determine whether or not a will could properly be admitted to probate under its jurisdiction; and that unless appealed from in due time, its decision thereon was conclusive, even though its ruling was unwarranted by the facts. As to the *situs* of the personal property of a decedent, for taxation purposes, see *Bonaparte v. State*, 63 Md. 465; *Baldwin v. Washington Co.*, 85 Md. 157; *Cooch v. Lowndes*, decided by the Court of Appeals, April 1st, 1898.

(b)   The judgment of a court of competent jurisdiction cannot be collaterally attacked; see *Ranoul v. Griffie*, 3 Md. 54, note (a). Otherwise, however, if the court was without jurisdiction; *Hamilton v. Traber*, 78 Md. 28; *cf.*, however, *Stanley v. Safe Deposit and Trust Co.*, *supra.* As to the implied jurisdiction of the Orphans' Court to correct or rescind its orders, see *In re Estate of James Stratton*, 46 Md. 553; *Montgomery v. Williamson*, 37 Md. 421; *Munnikhuysen v. Magraw*, 57 Md. 185; *Dalrymple v. Gamble*, 66 Md. 311; *Hardt v. Birely*, 72 Md. 137; *Martin v. Jones*, decided by the Court of Appeals, January 5th, 1898.

ruary, 1867, the appellant filed his petition asking that the letters testamentary, and the order admitting the will to probate might be revoked, on the ground that the testatrix was a resident of Baltimore at the time of her decease, *and the **25** probate and the letters testamentary being therefore illegal and void, he could not obtain a legal title to the land which he had purchased of the executor, nor collect a claim which he professed to hold as creditor of the deceased. The answer of the executor stated that the testatrix, at the time of her death, was seized of a house and lot in Carroll County, where she had resided for many years ; that about three years prior to her decease, she went to Baltimore, visiting there, first one and then another of her married daughters, up to the time of her death. The proof taken showed that she had sojourned in Frederick County, with her son, the executor, about eleven months, and with one of her daughters fourteen months, and that she went to Baltimore to stay awhile, and while there died suddenly. The court passed an order dismissing the petition ; and from this order the present appeal was taken.

The cause was submitted to Bartol, C. J., Nelson, Stewart and Alvey, JJ.

*William J. O'Brien,* for the appellant.

*William M. Merrick,* for the appellee :

Stewart, J., delivered the opinion of the court :

There is no question involved in this case as to the validity of the will of the testatrix, or the right of administration on her estate ; but whether the Orphans' Court of Carroll County was the proper tribunal to receive probate of the will and to grant letters testamentary, accordingly, on her estate—unlike *Edwards v. Bruce,* 8 Md. 387, and *Stockdale v. Conoway,* 14 Md. 99, referred to by counsel, where litigation grew out of opposing claims, to the right of administration, the proceeding here is rather in the nature of a suggestion, by the petitioner, that the Orphans' Court had acted improvidently, *in admit- **26** ting the will in question to probate, and granting letters to the executor named therein.

If probate of the will had been made or letters testamentary granted, improvidently, through fraud, deceit or mistake, there is no doubt, that upon proper application, in due time, the Orphans' Court might have annulled such proceeding ; the exercise of such authority, on the part of the court, being necessarily, of the essence of the power conferred upon them, to admit wills to probate and to grant letters of administration. It does not follow that the petitioner is such a party, or has the right to make the application ; or if he were, that he has done so, in due time, looking to the letter of the law, or its spirit, deducible from legitimate analogy. The Orphans' Court of Carroll County, had the undoubted power to admit this will to probate and to grant the letters, and having exercised it, their acts and proceedings and the authority of the executor, thereunder cannot be questioned, in any collateral proceeding.

The title of the petitioner, in this case, about which he seems to have some apprehension, to the property purchased from the executor, or his right as a creditor, if he were one, could not be defeated, by reason of any of the matters avowed in the petition.

The validity of the will is not denied, nor does he make claim to the administration, in his petition. What interest then has he in the question submitted to the court ? The Orphans' Court could not be required to decide an abstract question, as to the regularity of their proceedings. He was not the proper party to institute such an inquiry. But, if he were, according to the law, as settled in the cases referred to, regarding the time, allowed by analogy to parties to come in and assert their claims to administration, the application, in this case, was not in due time after notice.

The Orphans' Court of Carroll County, in the exercise of their power, to receive probate of this will and grant letters of administration, had the right to inquire into and adjudicate *the question, where her will should be admitted to probate, and letters testamentary granted, and having decided, their action is final and conclusive and cannot be impeached, incidentally, and can only be corrected if erroneous, by appeal, in proper time, or by themselves, if they have acted improvidently, under circumstances of mistake, fraud or deceit, upon proper application, in due time.

Whilst it is unquestionable, that the Orphans' Court of one county has no authority, to admit to probate a will, except as prescribed by law (Code of Pub. Gen. Laws, Art. 93, sec. 314, etc., and Act of 1861-2, ch. 155,) or to grant letters of administration on the estate of a person, who resided and died in another county—*Raborg v. Hammond,* 2 H. & G. 42—there is nothing, from the facts, disclosed in this record to show, that such was the case.

If the testatrix resided or had resided in Carroll County, and for some time before her death, had been visiting amongst her friends and relatives, and died, beyond the limits of that county, without having indicated, by decided acts or declarations, an intention, to acquire another residence, that county, where she had resided and had her property, might very well have been considered by the Orphans' Court, her place of residence, where the will should have been admitted to probate and the letters testamentary on her estate granted to the executor therein named.

We see no error, in the action of the Orphans' Court dismissing the petition, and, therefore, affirm their order.

*Order affirmed.*