(Decided 17th November, 1875.)

JOHN T. ENSOR, Administrator of SARAH ANN FOWLER *vs.* E. BEATTY GRAFF, Administrator of SARAH ANN FOWLER.

*Residence, within the meaning of the Testamentary law, as determining where Letters of Administration upon the Estate of the Deceased, should be granted.*

F. and her husband resided in the City of Baltimore for a long period before their deaths. The husband for many years kept a grocery and hardware store on the corner of Eden and Baltimore Streets, and he and his wife lived

with a Mrs. C. his sister. Sometime prior to 1872, the wife became an invalid, suffering from softening of the brain and paralysis, and was deprived of her mental faculties. In consequence of these infirmities, Mrs. C. found it unpleasant to have her as an inmate of the house, and her husband took her to board with Mrs. S. where she staid some eight months or a year, he still continuing to live with his sister Mrs. C. About the 1st of June, 1872, he retired from business, and having made several ineffectual efforts to procure a boarding place for his wife in the city, he took her in the beginning of July, 1872, into Baltimore County to the house of B. hoping that a change of air would benefit her. At this house he died in the following November, and his wife remained there until the following May, when she died. During his stay at the house of B. the husband frequently went to Baltimore, and remained for several days collecting his rents, and attending to what other business he had; and during the same period he frequently stated to the members of the family of B. and claimed, that Baltimore City was his place of residence, and that his home was there. His household furniture also remained up to that time in a house in the City of Baltimore, in which his wife had an interest; and whatever visible property either of them had or owned, with some very slight exceptions, was located in that city. HELD:

That the residence of the husband and wife, at the period of his death, was, for the purpose of granting letters of administration, in Baltimore City; and this residence as to his widow, was not changed by her remaining in Baltimore County till her death, because she was in such condition of mind as to be incapable of having or manifesting an intention to change her residence.

APPEAL from the Orphans' Court of Baltimore City.

On the 1st of April, 1875, on the petition of John Broadbelt, a creditor of Sarah Ann Fowler, deceased, letters of administration upon the estate of the said deceased were granted by the Orphans' Court of Baltimore City to the appellee. On the 13th of April, 1875, letters of administration upon the estate of the said deceased were granted to the appellant by the Orphans' Court of Baltimore County; and on the same day he filed his petition in the Orphans' Court of Baltimore City, asking that the letters of administration which the Court had previously granted to the appellee, might be revoked. This petition the appellee answered, and after testimony taken,

the Court on the 12th of May, 1875, passed an order dismissing the petition.   From this order the petitioner appealed.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*W. Shepard Bryan*, for the appellant.

*E. Beatty Graff*, for the appellee.

MILLER, J., delivered the opinion of the Court.

The only question in this case is, had the decedent, Mrs. Fowler, a *residence* at the time of her death, in the City of Baltimore, within the meaning of the testamentary law, so as to give jurisdiction to the Orphans' Court of that city, to grant letters of administration upon her estate?   By the Code, Art. 93, sec. 14, and the Act of 1865, ch. 162, letters must be granted by the Orphans' Court of the county " wherein was the *mansion house* or *residence* " of the deceased, and if he had no mansion or residence in the State, then " letters shall be granted in the county *where the party died.*"

The testimony according to our reading and understanding of it, establishes substantially the following state of case :   The deceased and her husband, Thomas Fowler, resided in the City of Baltimore for a long period before their deaths.   The husband for many years kept a grocery and hardware store on the corner of Eden and Baltimore Streets, and he and his wife lived with a Mrs. Cole his sister and the stepmother of his wife, who appears to have kept house for them, first on Biddle Street and then on Orleans Street.   Some time prior to the year 1872, Mrs. Fowler became an invalid, suffering from softening of the brain and paralysis, and was deprived of her mental faculties.   In consequence of these infirmities Mrs. Cole found

it unpleasant to have her as an inmate of the house, and her husband took her to a Mrs. Smith's on Ann Street to board, where she staid some eight months or a year, he still continuing to live with his sister on Orleans Street. About the 1st of June, 1872, he retired from business, and having made several ineffectual efforts to procure a boarding place for his wife in the city, he took her, in the beginning of July, 1872, into Baltimore County to the house of a Mr. Broadbelt who was his friend but not a relation. At this house he died in the following November after a short sickness, and his wife remained there until the following May when she died. As to the circumstances under which he thus went with his wife to this house, and his intention of making it his residence or only a place of temporary abode, we can best learn from the Broadbelts themselves, father, daughter and son, who were examined as witnesses, and had the best means of knowledge on these subjects. They state that he brought his wife there hoping that a change of air would benefit her, that he paid board, but only came to stay for a time, and only asked permission to stay during the coming winter, and never made any arrangement with them to remain permanently at their house. Besides this it is proved that during his stay there he frequently came to Baltimore and remained for several days, collecting his rents and attending to what other business he had; and during the same period frequently stated to the members of this family, and claimed that Baltimore City was his place of residence and that his home was there. His household furniture also remained up to that time in the house in Orleans Street, in which his wife had an interest; and whatever visible property either of them had or owned, with some very slight exceptions, was located in that city. Upon these facts it is clear, we think, that the *residence* of Fowler and his wife, at the period of his death, was, for the purpose of granting letters of administration, in Balti-

more City, and this residence, as to his widow, was not changed by her remaining in Baltimore County till her death, because she was in such condition of mind, as to be incapable of having or manifesting an intention to change her residence. The case as to this question of residence is quite as strong as that of *Harris vs. Pue,* 38 *Md.,* 543. We may also refer upon the same subject to the case of *Shultz vs. Houck,* 29 *Md.,* 24. The order appealed from will therefore be affirmed.

*Order affirmed.*

(Decided 24th November, 1875.)