HENRY OBERLANDER *vs.* ANNIE C. EMMEL ET AL.

*Wills—Jurisdiction of Orphans' Court—Place of Residence of Testator.*

When a will is offered for probate in a certain county or city, the Orphans' Court of that county has jurisdiction to decide whether the testator was a resident of that county or not at the time of his death, since under Code, Art. 93, sec. 334, a will must be probated in the county where the decedent resided.

A woman lived for a part of each year with her daughter in one of the counties and a part of the year with her son in Baltimore City. The evidence examined and held to show that her residence at the time of her death was in the county, although when making her will shortly before her death, she stated that her residence was in the city.

*Decided November 2nd, 1906.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSherry, C. J., Briscoe, Boyd, Pearce, Schmucker, Jones and Burke, JJ.

*F. A. Buschman*, for the appellant.

*Benj. Rosenheim*, for the appellees.

Briscoe, J., delivered the opinion of the Court.

The single question presented on the record in this case, is the residence of Catherine Oberlander, prior to and at the time of her death. The Orphans' Court of Baltimore City declined to assume jurisdiction of the administration of her estate, and held that she was a resident of Baltimore County, and not of Baltimore City. And from an order of Court, so declaring, and directing that the paper writing, purporting to be her last will and testament be propounded for probate in the Orphans' Court of Baltimore County, this appeal has been taken.

The question presented is a narrow one and must be solved by the testimony contained in the record.

By sec. 334 of Art. 93, of the Code, it is provided that any will or codicil may be proved in any county or Baltimore City, wherein letters testamentary or of administration may be granted.

By the 14th section of the same Article it is provided in substance, that whenever any person shall die intestate leaving in this State property subject to administration, letters shall be granted in the county wherein was the mansion house or residence of the deceased, or if he had no mansion house or residence then letters shall be granted in the county where the party died.

In *Stanley* v. *Safe Deposit Co.*, 87 Md. 454, this Court, held, that as the right to admit the will to probate depends, in such a case as this upon the residence of the testator at the time of his death, the jurisdiction to decide *where* that residence was, is involved in and is an inseparable part of the power to grant the probate.

The Orphans' Court of Baltimore City, therefore, had the undoubted right to determine the preliminary question of residence in the case at bar, and having decided that the testatrix, at the time of her death, was a resident of Baltimore County, it had no jurisdiction to admit the will to probate in that Court.

Upon the question of residence, the testimony set out in the record is somewhat conflicting, but upon a careful consideration, we are of the opinion, that it was sufficient to warrant the conclusion reached by the Orphans' Court, that the residence of the testatrix for the purposes of administration of her estate was in Baltimore County and not in Baltimore City.

The testatrix and her husband resided at 806 Scott street, Baltimore City until the death of the latter, on February 22nd, 1898. Shortly after the death of her husband she moved her furniture, clothing and other effects, to the home of Mrs. Emmel, a daughter, in Baltimore County. She remained a greater part of the time at her daughter's home, but would occasionally visit her son in the city, and there stay from four to six weeks at a time. She would however always return to her daughter's home.

In January, 1906, she visited her son, in Baltimore City, and died at his home, on April 7th, 1906.

Mrs. Annie M. Hoen, the nurse who attended her during the last illness at her son's house, in the city, testified, that the testatrix said, on March 8th, 1906, "I wish I was at home with Annie" (meaning her daughter in Baltimore County). And this was said in the presence of her son and his wife.

Mrs. Biles, one of the daughters, testified that her mother lived after her father's death a greater part of the time, at her sister's house in the county and the residue of the time at the home of her son's in the city.

Mrs. Oberlander, the wife of the appellant, testified, that the testatrix lived at her husband's home from January to March and from June to August, of each year, but the rest of the time, she would be with her daughter, in Baltimore County.

The declaration of the testatrix, made to Mr. Buschman, at the time he prepared the will three days before she died, and when her condition of health was weak, that her residence was in Baltimore City, was not such a declaration of an intention to acquire a domicil, as would defeat the fixed abode, which she had actually established by living at her daughter's home.

It is clear, we think, from the whole evidence, that the residence of Mrs. Oberlander, at the time of her death, was for the purpose of granting letters testamentary, in Baltimore County, and that it was not affected by her temporary and occasional visits to her son's home, in Baltimore City, where she happened to be at the time of her death.

The cases of *Harris* v. *Pue,* 39 Md. 542; *Shultz* v. *Houck,* 29 Md. 24; *Stanley* v. *Safe Deposit and Trust Co.,* 87 Md. 450, and *Ensor, Admr.,* v. *Graff, Admr.,* 43 Md. 294, are in point, and are conclusive of the questions raised on this appeal.

There was no error in the order of the Orphans' Court appealed from and it will be affirmed.

*Order affirmed, with costs.*