## CUFFLEY ET UX. *v.* HAMMOND ET UX.

[No. 214, September Term, 1961.]

*Decided March 20, 1962.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Marbury, JJ.

*John W. Goff* and *Joseph J. Blimline, Jr.,* with whom were *I. Winston Mezger, Callanan & Pitcher* and *Mezger & Mezger* on the brief, for the appellants.

*Morris Turk,* with whom was *Noah A. Hillman* on the brief, for the appellees.

164

BRUNE, C. J., delivered the opinion of the Court.

This is the fourth in a series of suits between the appellants, the Cuffleys, and the appellees, the Hammonds, involving the boundaries of lots in a subdivision known as Magothy Beach in Anne Arundel County. The first three suits (none of which was appealed to this Court) were suits in ejectment by the Cuffleys against the Hammonds. The present suit is a suit to quiet title brought by the Hammonds against the Cuffleys and others to establish the Hammonds' title to land lying to the east of a line of demarcation between the Cuffley and Hammond tracts established in the first ejectment suit above referred to. From a decree in favor of the Hammonds the Cuffleys appeal.

It appears that at the bottom of this series of disputes is what Judge Michaelson spoke of in the first ejectment suit as the "failure [of the developer] to have appropriate surveys made of the lots he sold in this area." The Cuffleys and the Hammonds (and their predecessors) acquired their respective properties by deeds referring simply to numbered lots as shown on a recorded plat of Magothy Beach. The Cuffleys' nine and the Hammonds' four lots as shown on this plat are at or near the easterly end of a block bounded on the north by First Street, on the west by Creek Boulevard, on the south by Center Street and on the east by Riverside Drive. The Hammond lots lie to the east of the Cuffley lots. The Hammonds acquired title to Nos. 1071-1074. Nos. 1071 and 1072 front on Center Street; Nos. 1073 and 1074 are to the rear (north) and front on First Street. Hammond lot 1071 adjoins Cuffley lot 1069, fronting on Center Street, and Hammond lot 1074 adjoins Cuffley lot 1075, fronting on First Street. Hammond lot 1073 lies to the rear of Hammond lot 1072; Hammond lot 1074 lies to the rear of Cuffley lot 1069. Each of the Center Street lots has a frontage of twenty feet, as do lots 1075 and 1074 fronting on First Street. Because of the curve of Riverside Drive to the west the northern end of Hammond lot 1073 has a frontage of only ten feet on First Street. All of the above description of lots is according to the recorded plat of Magothy Beach.

Unfortunately, the recorded plat bore little relation to fact, at least insofar as the Hammond lots were concerned, for when the first ejectment suit was decided in 1954 it was found that for the most part these lots lay in the bed of Riverside Drive (then a county road). Also unfortunately, the Hammonds built improvements on lots belonging to the Cuffleys, as shown by the recorded plat. Apparently for several years no difficulties arose, and a line of trees was accepted by both the Cuffleys and Hammonds as the dividing line between their properties. However, when the Hammonds put up a fence in 1953, a dispute did arise, principally, it seems, with regard to the rear (or north) part of the tract. The Cuffleys then brought their first ejectment suit (in 1953), claiming under their record title, as shown by their deeds and the recorded plat of Magothy Beach. The Hammonds filed the general issue plea and also a plea upon equitable grounds, based upon estoppel.

The case was tried before the court without a jury. During the proceedings testimony was taken and the trial judge, accompanied by counsel for the parties, inspected the premises. He found, among other things, that there were "several trees on the line which, prior to this dispute, have been regarded as the dividing line between the plaintiffs' front lots and the defendants' front lots, irrespective of the numbers given to the lot concerned". He determined that the plaintiffs had done nothing wrong, that they had shown good record title to the lots involved, that the defendants had encroached on the plaintiffs' lands and that "in this ejectment suit the plaintiffs have the right to prevail". After noting that the court might therefore order the removal of the defendants' buildings and the return of the land to the plaintiffs, the judge stated:

> "This result would cause a severe monetary loss to the defendants, and it would also very likely put in jeopardy the titles to all the other lots and improvements situated in this block of lots. It would throw all these properties out of line if the respective owners should assert their rights to the possession of

their respective lots, as numbered on the Plat of Magothy Beach. The Court is not willing to go so far in this case.

Consequently, the Court is of the opinion that the most equitable solution, based on the acts of the parties and their conduct before this dispute arose, is to determine that the line of trees now on the boundary line between what normally would be Lots Nos. 1070 and 1071, should be the boundary line between the property of the plaintiffs and the property of the defendants fronting on Center Street. This line, which is 120 feet in length, should then be prolonged in a straight line to the rear, running straight back to First Street.

This will take away from the defendants the 20 feet in the rear of what normally is Lot No. 1070 (on the plat), and there will be a straight line running from Center Street to First Street as the dividing line between the properties of the parties."

The court stated that the removal of a small encroaching building of the defendants would be required unless negotiations for the purchase by the defendants of a small strip could be completed. (This did not occur.)

The opinion and order concluded with this disposition of the case: "that a verdict be entered for the plaintiffs for the land claimed in the declaration, subject to the modification set forth in this opinion, with one cent damages and costs." No appeal was taken from this order. On the contrary, the plaintiffs brought the other two ejectment suits above referred to, basing their claims upon the boundary line as established in the first ejectment suit. They were successful in each suit.

In 1957 the Cuffleys sold their rear lot or lots to the west of the line of demarcation fixed in the first ejectment suit to third parties, James McClain and wife, and the latter mortgaged the property to a savings and loan association. The Cuffleys also in 1957 mortgaged their property to another savings and loan association. In this suit to quiet title, the Cuffleys and their mortgagee, the McClains and their mortgagee, and

the Board of County Commissioners of Anne Arundel County, as owner of the road (Riverside Drive) as now used and maintained, were joined as parties defendant. The McClains and their mortgagee filed no answers and took no part in the proceedings, and a decree *pro confesso* was entered against them. By subsequent stipulations the Cuffleys' mortgagee and the County Commissioners, in effect, disclaimed interest in the proceedings. The case thereafter proceeded as between the Hammonds and the Cuffleys, and the only appellants are the Cuffleys.

This suit is brought pursuant to Code (1957), Art. 16, § 128, to quiet title in the Hammonds to land lying east of the line of demarcation fixed in 1954 in the first ejectment suit and bounded on its other three sides by Center Street, Riverside Drive and First Street, as actually located and used. The title which the Hammonds assert is based upon rights determined by the 1954 order of the Circuit Court. We think that the suit by parties in actual peaceable possession under color of title claimed by virtue of the 1954 order is properly brought under § 128 of Art. 16. See *Barnes v. Webster*, 220 Md. 473, 154 A. 2d 918; *Shapiro v. Board of County Comm'rs for Prince George's County*, 219 Md. 298, 149 A. 2d 396; *Thomas v. Hardisty*, 217 Md. 523, 143 A. 2d 618. See also *Cherry v. Siegert*, 215 Md. 81, 136 A. 2d 754 (a suit instituted prior to the enactment of § 128).

The Circuit Court for Anne Arundel County had jurisdiction over the subject matter and over the parties to the first ejectment suit. In that case, unlike *Dundalk Holding Co. v. Easter*, 195 Md. 488 (see p. 494), 73 A. 2d 877, a plea upon equitable grounds was filed, and equitable considerations were therefore not irrelevant—at least in the absence of a showing that such a plea was wholly unfounded or frivolous. Whether the Circuit Court did or did not decide the ejectment suit correctly and whether or not it exercised its equitable jurisdiction therein properly (see *Easter v. Dundalk Holding Co.*, 199 Md. 303, 86 A. 2d 404; *Dundalk Holding Co. v. Easter*, 215 Md. 549, 137 A. 2d 667), are questions which cannot now be relitigated. No appeal was taken in the first ejectment case, and

it cannot be reviewed on this appeal. If it were a nullity, it might now be open to collateral attack; but in view of the court's jurisdiction over the parties and the subject matter, we think that its order was not a nullity. The appellants are accordingly bound by the order in the original ejectment suit, whether it was erroneous or not. *Christopher v. Sisk,* 133 Md. 48, 104 A. 355; *Ugast v. La Fontaine,* 189 Md. 227, 55 A. 2d 705; *Riggs v. Loweree,* 189 Md. 437, 56 A. 2d 152.

*Decree affirmed, with costs.*