## DE MAIO v. LUMBERMENS MUTUAL CASUALTY COMPANY

[No. 376, September Term, 1966.]

*Decided June 2, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*Louis J. De Maio* for appellant.

*William W. Cahill, Jr.,* with whom were *Weinberg & Green* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

De Maio, the appellant, obtained a judgment in Harford County against one McGuire for damages resulting from a collision between automobiles. McGuire was insured by Lumbermens Mutual Casualty Company, the appellee. De Maio asked Lumbermens to pay the judgment and it refused on the ground that McGuire had failed to notify it of the suit and otherwise had not cooperated. De Maio then recorded his judgment in the People's Court of Baltimore City and issued an attachment in that court against Lumbermens which pleaded nulla bona, asserting in answers to interrogatories that it was not indebted to McGuire, that it had no money or property of his in its possession and had not delivered any to another. To use De Maio's words: "The case was heard and concluded on July

28, 1965, by Judge Rhynhart. By agreement of counsel, the issue was whether or not the insurance company was liable on the grounds of lack of cooperation and notice by the Defendant [McGuire]." Judge Rhynhart found for Lumbermens. De Maio appealed to the Baltimore City Court. The issue on appeal was the same as it had been in the People's Court. After a hearing at which testimony on the point of failure of McGuire to cooperate with Lumbermens was taken, Judge Cullen found for the insurance company on November 18, 1965, as follows:

"The issue presented in this case is whether or not the Defendant insurance company is liable for the judgment obtained by the Plaintiff against its insured. After a careful consideration of the arguments and memoranda submitted by counsel this Court is of the opinion that the Defendant insurance company would not be liable on said judgment.

"Under Condition 3 of the insurance contract, the insured shall give notice of the accident to the insurer, and, in the event of suit, he shall immediately forward the suit papers to the company. Condition 6 requires full compliance with the provisions of the policy before an action will lie against the insurer. The Court is of the opinion that there has been a sufficient enough failure of cooperation by the insured to establish a breach of his contractual obligations under the policy. The Court also finds that the insurer was not precluded from setting up the defense of failure of notice because it filed an SR 21 form with the Department of Motor Vehicles. The insurer's right to assert non-liability was not foreclosed by its filing the SR 21 form.

"Therefore, since the plaintiff is a third party beneficiary of the insurance contract, and, as such, stands in no better position than the insured, this Court will enter a judgment in favor of the Defendant, Lumbermen's Mutual Casualty Company, for costs."

De Maio filed a motion for a new trial, claiming (a) that the insurance policy considered by the trial judge never had been introduced in evidence and therefore was not competent

evidence; (b) that the court failed to apply properly § 482 of Art. 48A of the Code, dealing with the necessity for an insurer to show actual prejudice if it is to escape liability on the ground of failure to cooperate; and (c) that there was no showing of actual prejudice by the insurer. After consideration of the memorandum of each party, Judge Cullen held that the insurance policy had come in without objection and rejected De Maio's version of the law as to prejudice.

In February 1966 De Maio filed suit against Lumbermens in the Superior Court of Baltimore City "for money payable," alleging the accident, the insurance policy, the suit in Harford County, the notification to Lumbermens by De Maio of the obtention of his judgment against McGuire, Lumbermens refusal to pay, the recording of the judgment in the Superior Court and De Maio's right to judgment. Lumbermens pleaded res judicata by reason of the prior proceedings and judgments in the People's Court and Baltimore City Court. Each side moved for a summary judgment. Judge Sodaro granted judgment for Lumbermens in an opinion which set forth in full Judge Cullen's opinion in deciding the case and his opinion refusing a new trial and held that the suit was barred by the doctrine of res judicata "in that the alleged contractual relationship between Lumbermen's and the defendant, Robert Dale McGuire, was litigated to a conclusion in the People's Court of Baltimore City and on appeal in the Baltimore City Court."

In arguing that Judge Sodaro was in error, De Maio's first contention is that res judicata does not apply because the earlier cases were attachments on a judgment, in which the decision necessarily was only that Lumbermens had no funds belonging to McGuire and that such a limited determination does not bar the later successful prosecution of a suit "to try the case on the merits." His second contention is that the judgment in the Baltimore City Court was founded on a number of errors committed by Judge Cullen in the course of the trial and that "the criterion in this matter is whether or not the garnishment proceedings were heard fully and on [their] merits without errors by the Lower Court."

We conclude that neither contention has merit and that Judge Sodaro correctly found for Lumbermens. A final judgment of a

court having jurisdiction of the parties and the subject matter in a case where an issue has been decided on the merits cannot be later controverted by the same parties in the same or any other tribunal. If there is an identity of parties, an identity of subject matter, jurisdiction over both and a final decision on the merits, there arises the classic situation for the application of the doctrine of res judicata. *Restatement, Judgments* Ch. 3, Introductory Note at pp. 158-59, and § 48; *Seaboard Terminals Corporation v. American Oil Co.,* 169 Md. 369; *Horowitz v. Horowitz,* 175 Md. 16; *Sterling v. Local 438, Liberty Ass'n of Steam and Power Pipe Fitters and Helpers' Ass'n,* 207 Md. 132. The doctrine as stated above applies without regard to the kind of court which rendered the earlier final judgment. It has been applied to a final determination of the Circuit Court, *Whittle v. Board of Zoning Appeals of Baltimore County,* 211 Md. 36, the Orphans' Court, *Shultz v. Houck,* 29 Md. 24, and the People's Court, *Vane v. C. Hoffberger Co.,* 196 Md. 450; and without regard to the form of the earlier action, *Christopher v. Sisk,* 133 Md. 48. A final judgment on the merits in favor of the garnishee in an attachment proceeding is conclusive as between the plaintiff and the garnishee in a subsequent action as far as the issue decided in the garnishment proceeding is concerned. 6 Am. Jur. 2d, *Attachment and Garnishment* § 393; 2 Shinn, *Attachment and Garnishment,* § 726; *Henderson v. Hall* (Ala.), 32 So. 840; *Roman v. Montgomery Iron Works* (Ala.), 47 So. 136; *Regan v. First Nat. Bank of Arizona* (Ariz.), 101 P. 2d 214; *Johnson v. Stockham,* 89 Md. 368, 376.

In the case before us every test is met. The parties were the same, the issue was the same, the courts had jurisdiction of parties and subject matter and the judgment of the City Court was on the merits and final.

If, as here, the court rendering the earlier judgment had jurisdiction of the parties and the subject matter, the fact that its final judgment was erroneous or irregular will not prevent that judgment from acting as a bar to a relitigation of the cause of action which was merged in the judgment. (We do not suggest that we are deciding that Judge Cullen's judgment was irregular or erroneous.) *Restatement, Judgments* § 48, comment

a. In *Cuffley v. Hammond,* 228 Md. 162, 167-68, there was a decision adverse to the appellants in an earlier ejectment suit which this Court held bound the appellants in a subsequent equity proceeding brought by the appellees to quiet title, whether or not the original decision was erroneous. The Court said:

> "Whether the Circuit Court did or did not decide the ejectment suit correctly and whether or not it exercised its equitable jurisdiction therein properly * * *, are questions which cannot now be relitigated."

See also *Watkins v. State,* 162 Md. 609, 616, where it was held that "Except when reviewed on appeal, the force of a judgment is unaffected by any error in rulings on evidence during trial. And this second suit * * * is in no respect a review of rulings in the first." A review of rulings and a reversal of findings in the first trial are what De Maio seeks in the present suit and the rule of res judicata bars him from obtaining such a review. See also *Messall v. Merlands Club,* 244 Md. 18.

*Judgment affirmed, with costs.*