Hillsborough
No. 7427

TIM McAULIFFE v. COLONIAL IMPORTS, INC. & a.

June 30, 1976

*Malloy & Sullivan* and *James J. Barry, Jr.,* and *Michael B. O'Shaughnessy (Mr. O'Shaughnessy* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) for the defendant Mercedes-Benz of North America, Inc.

*Wadleigh, Starr, Peters, Dunn & Kohls* for Colonial Imports, Inc., filed no brief.

GRIFFITH, J. This is an action for damages for allegedly negligent repair work performed by defendant Colonial Imports, Inc., on a Mercedes-Benz car which the plaintiff purchased August 6, 1969. The plaintiff's declaration asserts that Colonial, with the advice and under the supervision of defendant Mercedes-Benz, negligently performed repairs on plaintiff's cars in the years 1971 and 1972 to the damage of the plaintiff. The defendant Mercedes-Benz moved to dismiss the action against it on several grounds including res judicata. On September 9, 1975, the Trial Court, *Cann,* J., granted defendant's motion to dismiss on the grounds of res judicata and reserved and transferred the plaintiff's exception. Colonial is not concerned with this appeal since it appears the motion to dismiss was only granted as to defendant Mercedes-Benz.

Previous to the bringing of this action, the plaintiff, together with Tim McAuliffe, Inc. and Mary G. McAuliffe, had brought suit against defendant Mercedes-Benz and a defendant Foreign Motors, Inc., in the United States District Court for the District of New Hampshire. That suit sought damages on claims of negligence, breach of warranty and strict liability arising out of the pur-

chase and repair of the Mercedes-Benz car that the present suit is concerned with and covering the years 1970, 1971 and 1972. On February 20, 1975, the federal court specifically found that plaintiff's claim was not in excess of $10,000 and dismissed the action for lack of jurisdiction.

The trial court was in error in ruling that the dismissal by the federal court for lack of jurisdiction barred the present action. In order for res judicata to justify dismissal of an action on the merits there must have been a judgment on the merits in the previous action. *Colebrook Water Co. v. Commissioner of Dep't of Pub. Works,* 114 N.H. 392, 324 A.2d 713 (1974); *Lougee v. Beres,* 113 N.H. 712, 313 A.2d 422 (1973).

The federal court dismissal of the action for lack of jurisdiction was not a judgment on the merits; on the contrary, it was a ruling that the court was powerless to determine the merits of the case. *Mann v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.,* 488 F.2d 75, 76 (5th Cir. 1973); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir. 1973). The Federal Rule of Procedure 41 (b) specifically excepts a dismissal for lack of jurisdiction from operating as an adjudication on the merits. *See* Annot., 5 A.L.R. Fed. 897 (1970). The rule that a dismissal for lack of jurisdiction does not bar another action by the plaintiff is one of general acceptance. Annot., 49 A.L.R.2d 1036 (1956); Restatement (Second) of Judgments § 48.1 (Tent. Draft No. 1, 1973).

However, the federal judgment of dismissal is a conclusive adjudication of issues material to determination of jurisdiction and actually decided. *See* Annot., 49 A.L.R.2d 1036, 1052 (1956). The federal court, following the standard set forth in *St. Paul Indemnity Co. v. Cab Co.,* 303 U.S. 283, 289 (1938), found that as a matter of legal certainty the claim did not exceed $10,000. Restatement of Judgments § 49, Comment *b* (1942); Restatement (Second) of Judgments § 68, Comment *b* (Tent. Draft. No. 1, 1973); *see Morin v. J.H. Valliere Co.,* 113 N.H. 431, 309 A.2d 153 (1973).

*Plaintiff's exception sustained; remanded.*

All concurred.