557 A.2d 227

Kirstie Marie CASSIDY et al.

v.

BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY.

No. 169, Sept. Term, 1987.

Court of Appeals of Maryland.

May 5, 1989.

**52**

Edward John Skeens, Suitland, for appellants.

Sheldon L. Gnatt (Paul M. Nussbaum, Reichelt, Nussbaum, Brown, Dukes & LaPlaca, all on brief), Greenbelt, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

This civil case arose out of injuries allegedly sustained by Kirstie Marie Cassidy ("Cassidy") on the grounds of a county school. The issue here is whether she can sue the Board of Education of Prince George's County ("Board") even though her prior suit was dismissed for failure to allege notice to the Board. We thus consider whether a final judgment, based on a plaintiff's failure to plead that a notice precondition had been satisfied, bars as a matter of res judicata a second suit alleging that this precondition has been satisfied. We shall hold that the claim is not barred.

### I.

Respondent Cassidy sued Petitioner Board for breaching its duty to provide adequate security at Oxon Hill Senior High School where she had been attacked.[1] The Board moved to dismiss the case arguing in part that Cassidy had failed to give the notice required by Maryland Code (1974, 1984 Repl.Vol.) Cts. & Jud.Proc. Art. § 5–306.[2] Cassidy

---

1. Cassidy alleges that the battery and rape took place on January 27, 1984. Joined by her mother, she filed suit on September 30, 1985.

2. In 1985, that provision stated:
 § 5–306. **Claim against county or municipal corporation for injury.**
 (a) *Notice required; time for giving notice.*—Except as provided in subsection (c) of this section, no action for unliquidated damages for an injury to a person or his property may be brought against a county or municipal corporation unless the notice of the claim required by this section is given within 180 days after the injury.

filed written opposition to this motion arguing that the school board was not an entity covered under the notice provision.

Neither party filed a request for a hearing on the matter. By written order entered on November 25, 1985, the circuit court granted the motion to dismiss, without indicating whether the dismissal was with or without prejudice.[3] In the absence of an explanation for the decision, we shall assume that the dismissal was based on Cassidy's failure to

---

(b) *Manner of giving notice; contents.*—(1) The notice shall be given in person or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the claimant or his representative to the county commissioner, county council, or corporate authorities of a defendant municipal corporation or:

. . . .

(iv) In Prince George's County, to the county executive.

(2) The notice shall be in writing and shall state the time, place, and cause of the injury.

(c) *Entertainment of suit in absence of notice.*—Notwithstanding the other provisions of this section, the court may, upon motion and for good cause shown, entertain the suit even though the required notice was not given, unless the defendant can affirmatively show that its defense has been prejudiced thereby.

Section 5-306 was repealed by Act of June 2, 1987, ch. 594, 1987 Md. Laws 2709 and recodified as modified in Md.Code (1974, 1984 Repl. Vol., 1988 Supp.), Cts. & Jud. Proc. Art. § 5-404. By requiring the issuance of notice, the statute implicitly requires that plaintiffs allege this precondition to their suits. *Cannon v. McKen*, 296 Md. 27, 38, 459 A.2d 196, 202 (1983); *Neuenschwander v. Washington Suburban Sanitary Comm'n*, 187 Md. 67, 76-77, 48 A.2d 593, 598 (1946); *see* Maryland Rule 2-304 (establishing standard for pleading a condition precedent). "Statutes of this type are part of the law of many States and the majority of the cases recognize that the purpose of their specifics as to delivery is to make sure that notice actually is received within a short enough time after the injury occurs to give the municipality an opportunity to investigate while the matter is fresh." *Jackson v. Board of County Comm'rs*, 233 Md. 164, 168, 195 A.2d 693, 695 (1963).

**3.** That order read as follows:

UPON CONSIDERATION of the defendant's Motion to Dismiss the Complaint, the plaintiff's opposition thereto, and for good cause shown,

IT IS by the Circuit Court for Prince George's County, this 22nd day of November, 1985,

ORDERED, that the defendant's Motion be and hereby is granted.

allege notice in her complaint.[4] The clerk's office entered the order on the docket sheet without describing it as a "judgment."

At this point, the case entered a procedural quagmire. On January 30, 1986, Cassidy filed an amended complaint in the case which included an allegation of notice. On the same day the defense notified the court in writing that the case had already been dismissed. On March 21, 1986, a second judge conducted a status conference of the case and referred it back to the trial judge for clarification as to the finality of the dismissal order.[5] On May 2, 1986, that judge

---

4. The Court of Special Appeals determined that the complaint was dismissed because Cassidy had not satisfied and could not satisfy the notice requirement. However, Cassidy did not concede this, and no factual investigation was made as to this matter. Therefore the trial judge could well have dismissed based simply for failure to allege notice. We will not speculate whether the judge attempted to go one step beyond this threshold consideration by finding, as a matter of fact, that notice had not been given. More than a year after his in chambers ruling, the judge did suggest that he dismissed because notice had not been given; however we do not feel bound by that remark for two reasons: 1) this rationale was not made clear to the parties at the time for purposes of appeal and 2) the remark may have been influenced by several later hearings where the sufficiency of notice given on Cassidy's behalf was discussed. However inadvertently, a judge cannot recharacterize his original grounds for granting a dismissal.

We do agree with the Court of Special Appeals that the motion to dismiss was not based on the plaintiff's failure to allege the proper party. The complaint named the Board of Education *for* Prince George's County when in fact the correct title would have substituted "of" in place of "for." There seemed to be no question whatsoever that the trial judge had granted the original motion based on the notice requirement, rather than on the party misnomer. The 1985 Maryland Rules reduces the possibility that the judge would have dismissed on this basis. Md. Rule 2–341(c), which specifically permitted amendments for misnomers, stated: "Amendments shall be freely allowed when justice so permits. Errors or defects in a pleading not corrected by an amendment shall be disregarded unless they affect the substantial rights of the parties."

5. That judge wrote the following in a memorandum of March 21, 1986: "Since it is unclear as to the status of the case, the defendant is excused from filing any responsive pleadings to the Amended Bill of Complaint until [the trial judge who originally heard the case] has ruled."

conducted the clarification hearing and indicated that the suit had been dismissed altogether via his original November 1985 order.[6]

■ Thereafter, plaintiff's attorney filed a "Motion to Compel the Defendant to File a Responsive Pleading to the Amended Complaint."[7] The judge denied that motion in a hearing held on July 25, 1986. Cassidy's subsequent appeal was dismissed as untimely.[8]

Cassidy then filed a second suit. Her complaint was essentially the same as the original one—except that it included an allegation that the school board had been notified of the injury by a third party.[9] The trial judge dis-

6. The judge indicated the following:
 I ordered [the case] dismissed and it's dismissed. You may proceed accordingly to another court. You may appeal this ruling or any other ruling you wish. But that case stands dismissed just like I marked it back in November.

7. Apparently the attorney did not believe the judge's decision was final. In the May 2, 1986 hearing, the attorney noted: "Of course, there is still not a final entry dismissing this case. There is an order granting the motion to dismiss. But there is still not an entry in this case dismissing this case."

8. An unqualified order granting a motion to dismiss a plaintiff's initial pleading is final and appealable. *Houghton v. County Comm'rs of Kent County,* 305 Md. 407, 504 A.2d 1145 (1986), *aff'd on rehearing,* 307 Md. 216, 513 A.2d 291 (1986); *compare Makovi v. Sherwin–Williams Co.,* 311 Md. 278, 533 A.2d 1303 (1987) (holding that a summary judgment order granting leave to file an amended complaint was not a final and appealable order). Cassidy had thirty days from November 25, 1985 to appeal the dismissal pursuant to Rule 1012(a). *See* Md. Rule 8–202(a) (current version of rule). Because she failed to meet that deadline, the Court of Special Appeals properly dismissed her appeal some eight months later as untimely. We note that the clarification hearings in no way delayed Cassidy from appealing. Those hearings were predicated on the amended complaint, which was filed long after the time for appeal elapsed.

9. The complaint in the second suit includes the following allegation:
 1. In the event the defendant is a municipal corporation within the meaning of Maryland Code Courts and Judicial Procedure, Art. 5–306, then the plaintiffs allege that notice of this incident was given to the defendant by a letter dated May 18, 1984, addressed to Dr. Edward Feeney, Superintendent of Schools, by Sue V. Mills,

missed this claim on the grounds that it was barred by res judicata. In an unreported opinion, the Court of Special Appeals upheld this ruling reasoning that the judge had made the factual determination that Cassidy had not given notice and that her opportunity to cure the defect had expired. We now reverse that decision.

## II.

Estoppel by judgment generally precludes the relitigation of claims or issues which have already been fully, fairly and finally litigated between parties before a tribunal of competent jurisdiction. *Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 545, 555 A.2d 502, 503 (1989). The purpose of the rule is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308, 313 (1980); *accord Ugast v. LaFontaine*, 189 Md. 227, 231, 55 A.2d 705, 707 (1947) ("The doctrine rests on the ground that the party to be affected ... has litigated the same matter in a former action, and he should not be permitted to vex his opponent by litigating it again, even though the causes of action may be different."); *Cecil v. Cecil*, 19 Md. 72, 79 (1862) ("Justice requires that every cause be once fairly and impartially tried; but the public tranquility demands that having been once so tried, all litigation of that question, and between those parties, should be closed forever."). As one court has aptly noted, "the 'law of estoppel by judgment is well settled, the only difficulty being in its application to the facts.'" *State v. Ellis*, 197 Conn. 436, 497 A.2d 974, 988–89 (1985) (quoting *Pelham Hall Co. v. Carney*, 27 F.Supp. 388, 390 (D.Mass.1939)).

Council Member, 8th District, on behalf of the plaintiffs, and by investigating officers of the Prince George's County Police Department on the date of the occurrence and within a few days thereafter.

### A.

 Turning to the facts here, we shall first consider whether Cassidy's initial dismissal should bar subsequent litigation of her entire claim. In articulating the rule of claim preclusion, the American Law Institute has stated that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." *Restatement (Second) of Judgments* § 19 (1980).[10] Under Maryland common law, the rule requires: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute, 2) that the claim presented in the current action is identical to the one determined in the prior adjudication, and 3) that there was a valid, final judgment on the merits. *Nicholson v. Unsatisfied Claim and Judgment Fund Bd.*, 265 Md. 453, 458, 290 A.2d 384, 386 (1972); *accord Cicala v. Disability Review Bd.*, 288 Md. 254, 418 A.2d 205 (1980); *Cook v. State*, 281 Md. 665, 668, 381 A.2d 671, 673 (1978), *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978); *MPC, Inc. v. Kenny*, 279 Md. 29, 32, 367 A.2d 486, 488–89 (1977); *Frontier Van Lines v. Maryland Bank & Trust Co.*, 274 Md. 621, 623, 336 A.2d 778, 780 (1975).[11] The third element is the primary focus of this controversy. We therefore consider whether the dismissal of Cassidy's original complaint was a valid, final judgment on the merits.

---

**10.** This provision has been referred to in the following Maryland cases: *Weinberg v. Johns-Manville Sales Corp.*, 299 Md. 225, 241, 473 A.2d 22, 31 (1984) (discussing application of § 19 under New York law); *Jack v. Foster Branch Homeowner's Ass'n No. 1, Inc.*, 53 Md.App. 325, 333, 452 A.2d 1306, 1310 (1982) (citing the comments accompanying Restatement (Second) § 19); *Annapolis Urban Renewal Auth. v. Interlink, Inc.*, 43 Md.App. 286, 291 n. 4, 294 n. 9, 405 A.2d 313, 316–17 n. 4, 318 n. 9 (1979) (citing to the tentative draft of the Restatement (Second) as well as to Restatement of Judgments § 48 (1942) from which § 19 is drawn).

**11.** Of course, inherent in our many articulations of these elements is the due process requirement that the initial claim was fully and fairly litigated. *See, e.g., Blonder-Tongue Laboratories v. University of Ill. Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788, 800 (1971).

Under the phrase "on the merits," we identify those judgments which should bar future litigation of the same claim. *E.g. Goertz v. Backman,* 195 Md. 450, 456, 74 A.2d 3, 5 (1950). The *Restatement (Second)* does not employ this phrase because of its possibly misleading connotations. *Restatement (Second)* § 19, comment a at 161. According to the drafters, the considerations of fairness to the defendant and sound judicial administration may require the preclusion of a claim "even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court." *Id.* at 162.

While this Court has used "on the merits" terminology, we have, in essence, employed the policy considerations discussed above in determining what claims should be given preclusive effect. In *Moodhe v. Schenker,* 176 Md. 259, 4 A.2d 453 (1939), we held that a dismissal with prejudice of a twice-amended complaint which failed to allege all the elements of the underlying claim barred as res judicata a second suit on the same claim. We reasoned that "litigants cannot be encouraged in the practice of failing to allege material facts in a complaint." *Id.* at 269, 4 A.2d at 458.

We have also noted that where "there is an unqualified dismissal of a bill of complaint, the presumption is that the issue was disposed of on the merits and that the decree passed is *res judicata.*" *Sterling v. Local 438, Etc.,* 207 Md. 132, 142, 113 A.2d 389, 394 (1955), *cert. denied,* 350 U.S. 875, 76 S.Ct. 119, 100 L.Ed. 773 (1955). However this presumption does not apply to all situations. For example, even in *Moodhe,* we noted that " 'a judgment on demurrer, based merely on formal or technical defects and raising only a question of pleading or want of jurisdiction, is no bar to a second action for [the] same cause.' " *Moodhe,* 176 Md. at 267, 4 A.2d at 457 (quoting 34 C.J. 797, 798); *accord Blankman v. Hospelhorn,* 177 Md. 442, 449–50, 9 A.2d 831, 834 (1939); *Horowitz v. Horowitz,* 175 Md. 16, 26, 199 A. 816, 820 (1938). Consistent with that reasoning, we have

held that the dismissal of a claim in equity because it should have been brought at law does not bar a subsequent suit at law. *Shoreham Developers, Inc. v. Randolph Hills, Inc.,* 269 Md. 291, 305 A.2d 465 (1973); *see Blankman,* 177 Md. 442, 9 A.2d 831 (holding that the granting of a demurrer for misjoinder is not a ruling on the merits).

Petitioner Cassidy asks us to consider whether her failure to plead notice is a technical error which does not justify the application of claim preclusion. In support of her argument, she offers the *Restatement (Second)* § 20(2). That provision states that "[a] valid and final personal judgment for the defendant, which rests ... on the plaintiff's failure to satisfy a precondition to suit does not bar another action by the plaintiff instituted after ... the precondition has been satisfied...." [12] According to the *Restatement (Second),* a determination that a plaintiff has no enforceable claim because he or she has failed to satisfy a precondition to suit is not a determination that that person may not have an enforceable claim thereafter; he or she should therefore be given the opportunity to maintain the claim when it becomes enforceable. *Id.* § 20 comment k at 175.

Under section 20(2), the issuance of notice would clearly be classified as a precondition to suit. *See, e.g., Neuenschwander v. Washington Suburban Sanitary Comm'n,* 187 Md. 67, 76–77, 48 A.2d 593, 598–99 (1946). Many courts have endorsed the general rule that a dismissal for failure to satisfy a precondition to suit should not bar as res judicata a subsequent complaint satisfying that precondition. *See Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (holding that dismissal for failure to obtain and submit affidavits of good cause is a jurisdic-

---

12. Restatement (Second) § 20 also establishes the following grounds as exceptions to the rule of claim preclusion: 1) prematurity, 2) lack of jurisdiction, 3) improper venue, 4) nonjoinder or misjoinder of parties, 5) dismissal or nonsuit without prejudice, and 6) exceptions established by statute or court rule. This section is based in part on §§ 49, 53, and 54 of the original Restatement. Restatement (Second) § 20 reporter's note at 177.

tional adjudication which is not on the merits under the Federal Rules of Civil Procedure); [13] *see also Fox v. Boucher,* 794 F.2d 34, 37 (2nd Cir.1986); *Truvillion v. King's Daughter's Hosp.,* 614 F.2d 520, 523–25 (5th Cir.1980); *Stone v. City of Maitland,* 446 F.2d 83, 85–86 (5th Cir. 1971); *Horner v. Ferron,* 362 F.2d 224, 230 (9th Cir.1966), *cert. denied,* 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305 (1966); *Miller v. Saxbe,* 396 F.Supp. 1260, 1261 (D.D.C. 1975), *aff'd without opinion sub nom. Miller v. Civiletti,* 652 F.2d 196 (D.C.Cir.1981); *Luker v. Nelson,* 341 F.Supp. 111, 114–15 (N.D.Ill.1972); *Security State Bank v. Gugelman,* 230 Neb. 842, 434 N.W.2d 290, 292 (1989); *Livengood v. Motor Vehicles Div.,* 82 Or.App. 320, 728 P.2d 84, 85 (1986); *Madsen v. Borthick,* 769 P.2d 245 (Utah 1988); *Pennconn Enter., Ltd. v. Huntington,* 148 Vt. 603, 538 A.2d 673, 677–78 & n. 3 (1987); *cf. Alco Gravure, Inc. v. Knapp Found.,* 64 N.Y.2d 458, 479 N.E.2d 752, 755, 490 N.Y.S.2d 116 (1985); *but see Stebbins v. Nationwide Mut. Ins. Co.,* 528 F.2d 934, 937–38 (4th Cir.1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353 (1976) (dismissal for failure to meet precondition is a bar to a subsequent suit where plaintiff failed—perhaps deliberately—to meet precondition and defendant was heavily burdened in litigating a trial in the first case).[14]

---

**13.** *Costello* has been much criticized for equating the satisfaction of a precondition with jurisdiction. *See* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4437 at 348–49 (1981) ("The rationale of the *Costello* opinion should be avoided in reasoning about any particular question; its language should be used only from deference to the Supreme Court and then only to express conclusions actually reached on other grounds."). However some subsequent cases listed *infra* have also characterized precondition as an issue of jurisdiction.

**14.** The instant case does not justify the exception found in Stebbins. The dismissal of Cassidy's original complaint was based on a technical pleading requirement. There has been no evidence brought to our attention indicating that this alleged error was intentional. And while opposing counsel was burdened by the litigation of the first complaint, much of that burden came from a confusion over the status of the case after the trial judge issued his order of November 25.

This principle has been applied to dismissals for failure to *allege* a precondition as well as dismissals for failure to *satisfy* a precondition. *E.g. Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 488 F.2d 75, 76 (5th Cir.1973). In *Mann*, the plaintiff failed to allege a fact necessary for diversity jurisdiction. The Fifth Circuit found that his subsequent complaint alleging facts sufficient for diversity jurisdiction was not barred. In general, we agree that a dismissal for failure to allege a precondition should not be treated as a decision on the merits anymore than a failure to meet a precondition should be.

Of course, there may be exceptions to this approach where the good faith with which a complaint has been filed comes into question. In *Dozier v. Ford Motor Co.*, 702 F.2d 1189 (D.C.Cir.1983) (Scalia, J.), a complaint was originally filed alleging $7,000 actual damages and $1,000,000 punitive damages. The trial court ruled that punitive damages were not available under Virginia law and that the remaining $7,000 did not satisfy the then existing requirement of $10,000 for diversity jurisdiction. Therefore the court dismissed for lack of subject matter jurisdiction. When the plaintiff subsequently tried to file a second complaint alleging actual damages of $16,400 and punitive damages of $1,000,000, the court held that such a complaint was barred by the earlier decision. The court reasoned that "[i]t may be desirable ... to give a plaintiff multiple chances to comply with ... post-transactional requirements; but it is quite another matter to permit him to change his sworn recitation of past facts." *Id.* at 1192. The Court went on to question the integrity of the complaint by noting that "[e]ven absent consideration of *res judicata*, it is questionable whether plaintiff would be able to survive a motion to dismiss in the district court here on the ground that his damage claim has been inflated for the sole purpose of conferring federal jurisdiction." *Id.* at 1193 n. 8. The exception in *Dozier* finds no applicability in the instant case where the integrity of the plaintiff has not been called into

question. Cassidy merely failed to plead notice; she has not changed her representation of past facts.

 In light of this authority and our precedent for not applying claim preclusion in cases of initial technical error, we conclude that Cassidy's claim is not barred. We hold that where a court dismisses a first complaint for failure to plead a precondition and is silent as to leave to amend, the plaintiff is generally not barred by claim preclusion from filing a new suit.

## B.

While claim preclusion does not bar the filing of Cassidy's second complaint, we now consider whether issue preclusion prevents Cassidy from relitigating the applicability of the notice provision in this case. According to the *Restatement (Second)* § 27, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *See Murray Int'l Freight Corp. v. Graham,* 315 Md. 543, 547, 555 A.2d 502, 504 (1989) (quoting this provision). In *Murray,* we discussed the following considerations in applying this rule: 1) the identity of parties, 2) the actual litigation of an issue of fact or law, 3) the essentialness of the determination to the judgment and 4) the appealability of that determination by the party against whom the issue preclusion is being asserted. *Id.* at 549, 555 A.2d at 505.

The trial court ruled in chambers that the notice provision applied to the Board. The Board moved to dismiss on the grounds that the notice requirement applied. Depending on this theory, the Board argued that Cassidy had not stated a cause of action because she had not satisfied the notice requirement. Cassidy argued that the provision did not apply because the Board was not a municipal agency.

Based on these written memoranda, the court dismissed for failure to allege notice.[15]

As a general rule, dismissal for failure to satisfy a precondition "is not an adjudication on the merits that would bar assertion of the same claim after satisfying the precondition ..., but it should preclude relitigation of the same precondition issue." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4437 at 168 (1988 Supp.); *accord GAF Corp. v. United States*, 818 F.2d 901, 913 (D.C.Cir.1987); *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir.1982); *In re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir.1973), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed. 2d 107 (1973); *Miller v. Saxbe*, 396 F.Supp. 1260, 1261 (D.D.C.1975), *aff'd sub nom. Miller v. Civiletti*, 652 F.2d 196 (D.C.Cir.1981); *Luker v. Nelson*, 341 F.Supp. 111, 115 (N.D.Ill.1972); *Hellesvig v. Hellesvig*, 294 Or. 769, 662 P.2d 709 (1983); *Pennconn*, 148 Vt. 603, 538 A.2d at 677–78; *McAuliffe v. Colonial Imports, Inc.*, 116 N.H. 398, 359 A.2d 630, 631 (1976); *see generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4435 at 335 (1981); *Restatement of Judgments* § 49 (1942).

However, as Cassidy has pointed out, the ruling in the instant case was erroneous. In *Dean v. Board of Educ. of Cecil County*, 71 Md.App. 92, 523 A.2d 1059 (1987), *cert. denied*, 310 Md. 490, 530 A.2d 272 (1987), the Court of Special Appeals, subsequent to Cassidy's complaint, held that local educational boards are not municipal organizations and thus are not subject to the § 5–306 notice provi-

---

**15.** In *Murray*, we found that a determination that a person was not injured during the course of employment was not a determination that the person was an employee. The judge could have made this finding regardless of the person's status. However, the trial judge here could not have dismissed for failure to allege notice unless notice was found to be required.

sion.[16] Cassidy calls into question the applicability of issue preclusion in the context of an erroneous decision.

We have previously stated that, "[i]f, as here, the court rendering the earlier judgment had jurisdiction of the parties and the subject matter, the fact that its final judgment was erroneous or irregular will not prevent that judgment from acting as a bar to a relitigation of the cause of action which was merged in the judgment." *De Maio v. Lumbermens Mutual Casualty Co.*, 247 Md. 30, 34, 230 A.2d 279, 281 (1967); *accord Cuffley v. Hammond*, 228 Md. 162, 167–68, 178 A.2d 901, 903–04 (1962); *see Shoreham*, 269 Md. at 304, 305 A.2d at 474; *Fertitta v. Brown*, 252 Md. 594, 599, 251 A.2d 212, 214–15 (1969). This principle ordinarily does not contemplate a situation where the error involves an issue of law which has been subsequently determined or clarified.

 In that regard, we consider the *Restatement (Second)* which provides that:

[a]lthough an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

(2) The issue is one of law and . . . (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws. . . .

*Restatement (Second)* § 28(2).[17] Section 28(2) is applicable in the instant case. Here, the trial judge determined an issue of law, namely the applicability of the notice statute to the Board. Since that decision, the law regarding the notice

---

**16.** We have not granted certiorari on this issue and therefore do not consider it in rendering our decision.

**17.** This Court has never specifically discussed Restatement (Second) § 28(2), although we recently relied on section 28(1) in *Murray, supra.*

statute has been clarified by *Dean*. Continuing to apply the notice statute here would 1) compel Cassidy to meet a standard no other plaintiff needs to meet and 2) would provide the Board with a windfall by way of a mistake which could still be corrected. We will not perpetuate the trial court's currently erroneous ruling. *See Restatement Second* § 28 comment c & illustration 5. Instead, we hold that, where there has been an intervening change in the applicable legal context, an issue of law may be relitigated to avoid an inequitable administration of the laws.

In so holding, we join the many jurisdictions which have cited *Restatement (Second)* § 28(2)(b) with approval. *See Brock v. Williams Enter. of Ga., Inc.*, 832 F.2d 567, 574 (11th Cir.1987); *Stewart v. National Shopmen Pension Fund*, 730 F.2d 1552, 1557 n. 10 (D.C.Cir.1984), *cert. denied*, 469 U.S. 834, 105 S.Ct. 127, 83 L.Ed.2d 68 (1984); *Staten Island Rapid Transit Operating Auth. v. Interstate Commerce Comm'n*, 718 F.2d 533, 542–43 (2d Cir.1983); *Kania v. Fordham*, 702 F.2d 475, 476 n. 2 (4th Cir.1983); *Segal v. American Tel. & Telegraph, Co.*, 606 F.2d 842, 845 (9th Cir.1979); *Rutherford v. State*, 188 Cal.App.3d 1267, 1283–84, 233 Cal.Rptr. 781, 789–90 (1987); *Marsland v. International Soc'y for Krishna Consciousness*, 66 Hawaii 119, 657 P.2d 1035, 1039 (1983), *appeal dismissed*, 464 U.S. 805, 104 S.Ct. 52, 78 L.Ed.2d 72 (1983); *State v. Anderson*, 338 N.W.2d 372, 374–75 (Iowa 1983); *Settle by and through Sullivan v. Beasley*, 309 N.C. 616, 308 S.E.2d 288, 292 (1983); *Katz v. State Tax Assessor*, 472 A.2d 428, 431 n. 3 (Maine 1984); *Riley v. Northland Geriatric Center*, 425 Mich. 668, 391 N.W.2d 331, 340 (1986); *Young v. Edwards*, 389 Mich. 333, 207 N.W.2d 126, 127–28 (1973); *Fielder v. Fielder*, 671 S.W.2d 408, 411–12 (Mo.App.1984); *In re Estate of Biddle*, 487 Pa. 616, 410 A.2d 782, 786 (1980), *cert. denied sub nom. DeCosta v. DeCosta*, 449 U.S. 824, 101 S.Ct. 84, 66 L.Ed.2d 27 (1980); *Keystone Water Co. v. Pennsylvania Pub. Util. Comm'n*, 81 Pa.Commw. 312, 474 A.2d 368, 372–73 (1984); *Delgue v. Curutchet*, 677 P.2d 208, 215–16 (Wyo.1984). Our conclusion that issue preclusion

does not apply here is consistent with the rule's traditional purpose. The rule "is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time...." *Commissioner v. Sunnen*, 333 U.S. 591, 599, 68 S.Ct. 715, 720, 92 L.Ed. 898, 907 (1948).

### III.

In conclusion, neither the doctrine of claim preclusion nor that of issue preclusion bars Cassidy's current complaint.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.

CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY.