UNITED STATES of America,
Plaintiff,

v.

$106,647 IN U.S. CURRENCY,
Defendant.

Civil Action No. RDB–13–2433.

United States District Court,
D. Maryland.

Filed Feb. 23, 2015.

Stefan Dante Cassella, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

Brian Joseph Murphy, Law Office of Brian J. Murphy, Baltimore, MD, for Defendant.

*MEMORANDUM ORDER*

RICHARD D. BENNETT, District Judge.

This civil forfeiture action was initially filed by the United States ("Plaintiff" or "the Government") in the aftermath of the unsuccessful state prosecution of Claimant Adolfo Lucas ("Claimant" or "Lucas"). Under the auspices of the Controlled Substances Act, the Government asks that the $106,647 in U.S. Currency at issue be forfeited and condemned to the United States of America. 21 U.S.C. § 881(a)(6). This Court previously entered a Memorandum Opinion (ECF No. 12) and Order (ECF No. 13) awarding summary judgment to Claimant Lucas and against Plaintiff United States. The Government filed the pending Motion to Alter Judgment, or, in the Alternative, to Stay the Judgment Pending Appeal ("Motion to Alter Judgment") (ECF No. 14), arguing that this Court's Judgment contradicts clear controlling authority from the United States Court of Appeals for the Fourth Circuit.

The pending Motion was fully briefed by both parties and no hearing is necessary under Local Rule 105.6 (D.Md.2014). For the reasons that follow, Defendant's Motion to Alter Judgment, or, in the Alternative, to Stay the Judgment Pending Appeal (ECF No. 14) is GRANTED.

*BACKGROUND*

The background facts of this action were fully set forth in this Court's Memorandum Opinion of August 26, 2014 (ECF No. 12). To summarize, police effected a traffic stop of a vehicle driven by the Claimant Lucas on February 1, 2013. Officers found 105 grams of crack cocaine, $4500 in cash, cutting agents, paraphernalia, and packaging materials associated with drug distribution in Lucas's possession. Later the same day, police obtained a search warrant

for Lucas's residence and found $102,107 in cash and a loaded handgun there.

Lucas was indicted on narcotics and firearms offenses in the Circuit Court for Baltimore City. He filed a motion to suppress all evidence seized from the vehicle and the residence. A hearing was held and Judge Barry Williams of the Circuit Court for Baltimore City granted Lucas's motion to suppress, ruling that all the items were seized in violation of the Fourth Amendment to the United States Constitution. The State entered a *nolle prosequi* on all charges and took no steps to forfeit the seized currency. The State forwarded the currency to the Drug Enforcement Administration.

The Government filed a Verified Complaint for Forfeiture (ECF No. 1) and Lucas made a claim as to the $106,647.00 (ECF No. 4).[1] In an Amended Claim of Ownership, the Claimant asserts that all but $720.00 of the $106,647.00 belongs to him, and was obtained by lawful means.[2] Therefore, he claims ownership of $105,927.00. The Claimant then filed a Motion for Summary Judgment (ECF No. 9), which this Court subsequently granted. *See* Mem. Op., ECF No. 12; Order, ECF No. 13. In granting the Claimant's Motion for Summary Judgment, this Court held that the issue of the validity of the seizure was fully and fairly litigated in state court. The state court's determination thereby barred the Government from re-litigating this issue under the principles of collateral estoppel. As the Government offered no additional evidence to support forfeiture, this Court entered judgment as a matter of law in favor of the Claimant. The Gov-

ernment was subsequently ordered to release $105,927.00. *Id.*

## STANDARD OF REVIEW

Plaintiff United States moves to alter this Court's judgment under Rule 59 of Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment if the relevant motion is filed within twenty-eight days of the offending judgment. Fed. R.Civ.P. 59(e). In this case, the Government timely filed its Motion to Alter Judgment.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[3] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir.2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir.2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal*

---

1. Supplemental Admiralty and Maritime Claims Rule C(6)(a).

2. Lucas makes no claim of ownership of the narcotics, paraphernalia, packaging materials, or handgun.

3. Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991).

*Practice and Procedure* § 2810.1, at 127–28 (2d ed.1995)).

Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be " 'just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week old, unrefrigerated dead fish.' " *TFWS, Inc. v. Franchot,* 572 F.3d 186, 194 (4th Cir.2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.,* Nos. 92–2355, 92–2437, 1995 WL 520978 at *5 n. 6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

### ANALYSIS

In moving to alter or amend this Court's judgment pursuant to Rule 59(e), the Government contends that the application of collateral estoppel to the seizure of the $106,647 constituted a clear error of law. Specifically, the Government argues that this Court erred in concluding that identity of the parties existed because the state and federal governments are in privity. Without this identity of the parties, collateral estoppel is thus necessarily inapplicable. After reviewing the controlling precedent of the United States Court of Appeals for the Fourth Circuit, this Court agrees.

Generally, collateral estoppel is applied to prevent re-litigation of fully determined issues in a second legal proceeding. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In Maryland, collateral estoppel requires:

(1) identity of the parties; (2) the actual litigation of an issue of fact or law; (3) the essentialness of the determination to the judgment; and (4) the appealability of that determination by the party against whom the issue preclusion is being asserted. *Cassidy v. Bd. of Educ. of Prince George's Cnty.,* 316 Md. 50, 557 A.2d 227, 233 (1989). The parties in the second proceeding need not be strictly identical to those in the first if they are in privity. *See Mathews v. Cassidy Turley Maryland, Inc.,* 435 Md. 584, 80 A.3d 269, 294 (2013) (explaining that privity looks to "whether the interests of the party against whom estoppel is sought were fully represented, with the same incentives, by another party in the prior matter.").

Yet, mere alignment of interests between a state government and the federal government does not automatically support a finding of identity. *United States v. Safari,* 849 F.2d 891, 893 (4th Cir.1988). In *Safari,* the United States Court of Appeals for the Fourth Circuit explained that identity still requires that the federal government be a party to the state court proceeding. *Id.* The Fourth Circuit explicitly concurred with the analysis of this issue in the United States Court of Appeals for the Second Circuit. *Id.* The Second Circuit, like other federal courts of appeals, has consistently concluded that "a prior adverse suppression decision in state court does not collaterally estop the United States, not a party to the state action, from using the evidence in a federal proceeding." *United States v. Mejias,* 552 F.2d 435, 444 (2d Cir.1977); *see also United States v. Davis,* 906 F.2d 829, 832 (2d Cir.1990); *United States v. Brown,* 604 F.2d 557, 559 (8th Cir.1979); *United States v. Parcel of Land and Residence Located Thereon at 5 Bell Rock Road, Freetown, Ma.,* 896 F.2d 605, 610 (1st Cir.1990). Identity of the parties, when the United

States is not a named party in the state court action, is found only if the federal and state prosecutions worked in concert, or the federal government controlled the state's investigation and prosecution of the individual in question. *Davis,* 906 F.2d at 833. A party arguing for collateral estoppel bears a heavy burden in proving this high degree of participation and control. *Id.* at 835 (explaining that "[a]t a minimum, it must be shown that federal prosecutors actively aided the state prosecutors during the local suppression hearing.").

Given the clear guidance of *Safari* and its compatriots, the record does not support a finding of identity between the state and federal governments. Lucas provides no facts indicating that the Government controlled the state prosecution in any way, nor evidence showing that the entities worked in concert. Although the state and federal governments' interests may align when combatting suspected drug offenders, this unity is insufficient to sustain a finding of identity. Absent any facts denoting a high degree of coordination or control between the two sovereigns, collateral estoppel may not be applied.

In sum, this Court erred in applying collateral estoppel to the issue of the constitutionality of the seizure in question. The Government was not a party to the state court action, nor did it participate in or control the State's prosecution of Lu-

cas.[4] As this misapplication amounts to a clear error of law under Fourth Circuit precedent, the Government's Motion to Alter Judgment (ECF No. 14) is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff United States's Motion to Alter Judgment satisfies the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 23rd day of February, 2015, ORDERED that:

1. Plaintiff United States's Motion to Alter or Amend Judgment, or, in the Alternative, to Stay the Judgment Pending Appeal (ECF No. 14) is GRANTED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

---

4. Complicating this matter is United States Attorney General Eric Holder's announcement on January 16, 2015 of revisions to the civil forfeiture rules. *See* Office of the Attorney General, Prohibition on Certain Federal Adoptions of Seizures by State and Local Law Enforcement Agencies (Jan. 16, 2015). The revisions essentially ban the·practice of "Equitable Sharing," in which the federal government "adopts" seizures by local and state police agencies, even though it did not participate in the seizures themselves or any related investigation. *See id.; see also* Radley Balko, *Breaking Down Holder's Move to Limit Civil* *Asset Forfeiture Abuse,* Washington Post, Jan. 16, 2015, http://www.washingtonpost.com/ news/the-watch/wp/2015/01/16/breaking-downholders-move-to-limit-civil-asset-forfeiture-abuse/. Under the revised rules, this practice is now prohibited, unless the seizures are the result of a state/local-federal joint task force, joint state-federal investigations, or pursuant to federal seizure warrants to reach assets originally seized under state law. Office of Attorney General, *supra.* As the revisions were effective January 16, 2015, they do not apply to the seizure in this action.