PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOANNE GAGLIANO,

        *Plaintiff-Appellee,*

    v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

        *Defendant-Appellant,*

    and

MARIAM, INCORPORATED, trading as
Darcars Automotive Group;
UNNAMED LONG TERM DISABILITY
INSURANCE PLAN FOR EMPLOYEES OF
DARCARS,

        *Defendants.*

No. 07-1901

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(1:03-cv-00160-LMB)

Argued: September 25, 2008

Decided: November 18, 2008

Before NIEMEYER and AGEE, Circuit Judges,
and Richard L. VOORHEES, United States District Judge
for the Western District of North Carolina, sitting by
designation.

Affirmed in part, reversed in part, and remanded by published opinion. Judge Agee wrote the opinion, in which Judge Niemeyer and Judge Voorhees joined.

---

**COUNSEL**

Joshua Bachrach, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., Philadelphia, Pennsylvania, for Appellant. Karl William Pilger, BORING & PILGER, P.C., Vienna, Virginia, for Appellee.

---

**OPINION**

AGEE, Circuit Judge:

Reliance Standard Life Insurance Company ("Reliance") appeals from the judgment of the United States District Court for the Eastern District of Virginia at Alexandria, in favor of Joanne Gagliano ("Gagliano"). The district court held that Gagliano was entitled to benefits under a policy of disability insurance issued by Reliance, based on noncompliance with certain procedural requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. For the following reasons, we affirm in part and reverse in part the judgment of the district court. We hold that, although Reliance violated ERISA, the proper remedy is to remand the case to the plan administrator for a full and fair review.

I.

On March 13, 2001, Gagliano enrolled in an employee welfare benefit plan ("the Plan") offered by her employer, Mariam, Incorporated ("Darcars"). The Plan was insured by Reliance, also the plan administrator. In September, 2001, Gagliano, a finance manager for her employer, "was diag-

nosed with stress syndrome, anxiety disorder, depression and migraine by her treating physician and was advised to discontinue working at Darcars until her condition improved." *Gagliano v. Reliance Standard Life Ins. Co.*, No. 1:03-cv-160, slip op. at 2 (E.D. Va. Aug. 22, 2007). In October, 2001, Gagliano filed a claim with Reliance for short-term disability benefits based on these mental health problems. *Id.* Reliance approved her claim for short-term benefits, and began reviewing her claim for long-term disability benefits.[1] In that process, Reliance requested that Gagliano complete a Pre-Existing Conditions Questionnaire to verify that the Pre-Existing Conditions Limitation did not apply to her claim.[2] Gagliano completed the Questionnaire and Reliance approved her claim for long-term disability benefits in March, 2002.[3]

Upon a review of Gagliano's medical records, Reliance determined "that the medical records provided do not support a physical or mental condition, which would prevent you from performing your occupation as a finance manager in the general economy." A covered disability under the Plan required that "an Insured cannot perform the material duties of his/her regular occupation." By a letter dated September 17, 2002 (the "Initial Termination Letter"), Reliance informed Gagliano that it was terminating the long-term disability benefits because she was not restricted from returning to work and thus failed to qualify for disability benefits under the Plan.

---

[1]Gagliano received the short-term disability benefits provided under the Plan. The issue in this case relates only to the termination of Gagliano's long-term disability benefits.

[2]The Pre-Existing Conditions Limitation under the Plan excludes from coverage any claims that arose from a pre-existing condition, defined as "any Sickness or Injury for which the Insured received medical treatment, consultation, care or services . . . during the three months immediately prior to the Insured's effective date of insurance." March 13, 2001 was Gagliano's effective date of insurance.

[3]Although long-term, these benefits are limited under the Plan to payments for twenty-four months.

The Initial Termination Letter included the requisite notice required by ERISA, 29 U.S.C. § 1133, informing Gagliano of her right to appeal the denial of her claim. Gagliano did timely appeal the denial of benefits in the Initial Termination Letter to the plan administrator, but during the administrative review process she filed the present civil action in the district court on February 5, 2003 before the review was completed.

Gagliano's complaint named Darcars, the Plan, and Reliance as defendants and alleged various breaches by them of obligations under the Plan and ERISA. Gagliano alleged that she "has met and currently meets all requirements for the receipt of long term disability benefits from Reliance," including an inability to return to work. Gagliano claimed that Reliance had abused its authority in failing to recognize that she met the Plan requirements, had failed to articulate a rational basis for the determination in the Initial Termination Letter, and had relied on an incomplete record. Gagliano sought an injunction directing payment to her of the long-term disability benefits and preventing any adverse benefit determinations against her "until such time as they have established a full and fair review of claims and adverse benefit determinations, as well as establishing and following reasonable claim procedures." In the alternative, Gagliano requested monetary damages, pre-judgment interest, and attorney's fees.[4]

During summary judgment proceedings, the district court determined that the record was not complete because the administrative review of Gagliano's appeal from the Initial Termination Letter was unfinished. By order dated July 11, 2003 ("the July 11 Order"), the court stayed Gagliano's pending motion for summary judgment and directed Reliance to

---

[4]Gagliano's employer, Mariam, Incorporated, trading as Darcars Automotive Group, is a Maryland corporation that operates a group of car dealerships in the Washington, D.C. area. Darcars was a defendant in the initial suit filed by Gagliano. All claims against Darcars were resolved and are not before the Court in this appeal.

conduct an Independent Medical Examination ("IME") and to "complete the administrative review process and render a final decision on [Gagliano's] administrative appeal."

The IME established that Gagliano was suffering from a covered disability which entitled her to benefits under the Plan because her mental health condition prevented her from working in her regular occupation. *Gagliano*, slip op. at 5. Reliance then sent Gagliano a letter dated September 9, 2003 (the "Second Termination Letter"), purporting to be its final decision on her claim pursuant to the July 11 Order. However, the Second Termination Letter did not address the basis for denial of benefits in the Initial Termination Letter or the results of the IME, which were the subjects of the pending administrative review. Instead, for the first time, Reliance cited the Pre-Existing Conditions Limitation under the Plan as the basis to deny the disability benefits. Reliance informed Gagliano in the Second Termination Letter that her medical records presented for review showed she had received treatment for "stress syndrome/anxiety disorder" within three months of March 13, 2001, the effective date of her insurance under the Plan. Since Gagliano "received medical care for a condition(s) which caused, contributed to or resulted in her eventual Total Disability due to psychiatric illness during the three months prior to her effective date of coverage, her claim must be refused under the Policy's Pre-Existing Conditions Limitation."

The Second Termination Letter did not advise Gagliano that she was entitled to an administrative appeal, or otherwise reference her rights under ERISA. Reliance further stated in the Second Termination Letter that "our claim decision is now final in accordance with the court's July 11, 2003 ruling . . . . [H]owever, . . . we would be happy to consider any additional information . . . if the court thinks further review by [Reliance] would be warranted in the present case."

Gagliano again moved for summary judgment, arguing that Reliance improperly denied benefits in the Second Termina-

tion Letter on entirely new grounds and its "failure to even minimally comply with ERISA." Reliance responded that it was Gagliano's lack of complete disclosure on the Questionnaire which prevented it from asserting the Pre-Existing Conditions Limitation at an earlier time. In light of this argument, the district court denied Gagliano's motion for summary judgment and *sua sponte* reconsidered and granted Reliance's previously denied motion for summary judgment by order of October 20, 2003. Gagliano timely filed a motion for rehearing and reconsideration and relief from that judgment. For reasons not adequately explained in the record, this motion lay dormant in the district court until Gagliano renewed the motion in January, 2007. The district court directed the parties to re-file motions for summary judgment. By opinion and order dated August 22, 2007, the court awarded summary judgment to Gagliano.

The district court held that Reliance did not comply with the notice requirements of ERISA when it denied Gagliano's claim in the Second Termination Letter on a different basis than in the Initial Termination Letter. By doing so, Reliance did not accord Gagliano the opportunity for administrative appeal of its decision to terminate benefits based on the Pre-Existing Conditions Limitation. *Gagliano*, slip op. at 9-10. The district court held this action violated the notice requirements under ERISA, particularly 29 U.S.C. § 1133 and its underlying regulations.

The district court then determined that the proper remedy for the violation of ERISA's procedural requirements was to award the payment of disability benefits to Gagliano rather than to remand the case to the plan administrator for an administrative review on the Pre-Existing Conditions Limitation issue. The court opined that Reliance "negligently misse[d] available facts" by failing to cite the Pre-Existing Conditions Limitation in the Initial Termination Letter, and that Reliance, "given the equitable nature of the protections found in ERISA," should not be allowed to benefit by this

"mistake" with a "second chance to litigate [the] issue." *Gagliano*, slip op. at 15. The court vacated its earlier award of judgment to Reliance and ordered Reliance to pay Gagliano the remaining disability benefits because "[i]t was Reliance's failure to evaluate that evidence in its initial processing of Gagliano's claims that led to this litigation." *Id.*

Reliance timely brings this appeal of the district court's judgment. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II.

Reliance argues four issues on appeal. First, Reliance asserts no procedural violation of ERISA occurred, therefore the district court could not award judgment to Gagliano. Next, Reliance contends that the district court erred when it held that Reliance could not assert the Pre-Existing Conditions Limitation because Reliance was "negligent" in failing to properly recognize that defense before assigning a different basis for termination of benefits in the Initial Termination Letter. Third, Reliance argues that, even if there was a procedural ERISA violation, the district court erred because the proper remedy was a remand of the case to the plan administrator for an administrative review of the termination basis in the Second Termination Letter. Lastly, Reliance posits that the district court erroneously reconsidered its earlier award of summary judgment to Reliance because there was no basis to do so.

On appeal from the district court, we review *de novo* the court's conclusions of law. *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 418 (4th Cir. 2005). We also review *de novo* a district court's ruling on a motion for summary judgment. *Eckelberry v. Reliastar Life Ins. Co.*, 469 F.3d 340, 343 (4th Cir. 2006).

### A.   ERISA Violation

ERISA requires that every employee benefit plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits . . . has been denied, setting forth the specific reasons for such denial." 29 U.S.C. § 1133 (2008). The Plan must further "afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id.* The regulations implementing these statutory requirements provide that a "full and fair review" includes the opportunity for the claimant to appeal the adverse benefits determination and to submit written comments or records. The claimant must also be given reasonable access to documents relevant to her claim, and the resulting review must take into account all relevant information submitted by the claimant. 29 C.F.R. § 2560.503-1(h)(1-2) (2008).

The purpose of the ERISA mandated appeal process is an important one. That process enables a claimant who is denied benefits to have an impartial administrative review, but also make an administrative record for a court review if that later occurs. *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 236-37 (4th Cir. 1997). Without this opportunity to make a meaningful administrative record, courts could not properly perform the task of reviewing such claims, a specific function entrusted to the courts by ERISA. Moreover, plan participants would be denied their statutory rights. *Id.* Procedural guidelines are at the foundation of ERISA and "full and fair review must be construed . . . to protect a plan participant from arbitrary or unprincipled decision-making." *Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 157 (4th Cir. 1993) (quoting *Grossmuller v. UAW Local 813*, 715 F.2d 853, 857 (3d Cir. 1983)).

The district court's award of summary judgment to Gagliano was based on the threshold determination that "[i]t is uncontested that Reliance failed to comply with the notice

requirements of ERISA, because it never afforded Gagliano the opportunity to appeal its decision to terminate her benefits on the new ground of the pre-existing condition exclusion." *Gagliano*, slip op. at 9. On appeal, Reliance argues that holding is contested and contends no ERISA violation, procedural or otherwise, occurred and thus Gagliano was not entitled to judgment.

Reliance contends that no ERISA violation occurred by virtue of the claim resolution in the Second Termination Letter because (1) ERISA "only requires the inclusion of appeal language in an initial denial letter," (Br. 27); (2) the July 11 Order required a "final decision on plaintiff's administrative appeal" and therefore took precedence over any ERISA statutory requirement; and (3) assuming a technical ERISA violation occurred, Reliance nonetheless "substantially complied with its obligations under ERISA, and that is all that is required." (Br. 29). For the following reasons, we disagree with Reliance.

### 1.   Initial Denial

The Initial Termination Letter denied Gagliano benefits because "the records do not include information to suggest that you are restricted from returning to work." It is from this determination that she noted her administrative appeal and, that appeal not having been resolved when Gagliano filed her complaint in the district court, was the subject matter to which the July 11 Order was directed.

However, the grounds Reliance cited to deny Gagliano's claim for disability benefits in the Second Termination Letter were completely different from those in the Initial Termination Letter. In fact, Reliance never addressed in the Second Termination Letter the grounds for denial in the Initial Termination Letter. Instead, the Second Termination Letter cited a wholly new basis to deny Gagliano's claim, the Plan's Pre-Existing Conditions Limitation.

Assuming, but not deciding, that the notice and appeal requirements, as implemented by the ERISA regulations, 29 C.F.R. § 2560.503-1(h) *et seq*., apply only to an "initial" denial, it is clear the denial of benefits rationale in the Second Termination Letter was an initial denial on the basis of the Pre-Existing Conditions provision. As such, Gagliano was statutorily entitled to the ERISA appeals notice as to the new basis for denying her claim and Reliance failed to provide that notice. Reliance thus cannot avoid the determination of an ERISA violation under 29 U.S.C. § 1133, for failure to provide the required appeal information in the Second Termination Letter, because that letter was an initial denial as to the Pre-Existing Conditions Limitation.

## 2.   The July 11 Order

Reliance next contends that if an ERISA appeals notice to Gagliano was required, based on the new grounds in the Second Termination Letter, it was relieved of that requirement by the directory language of the July 11 Order, to "render a final decision on plaintiff's administrative appeal."

As just noted above, however, the Second Termination Letter did not address the subject matter of Gagliano's administrative appeal (the reason for denial of benefits in the Initial Termination Letter), but made a "final decision" to deny benefits on a wholly new ground (pre-existing condition). Nothing in the July 11 Order limited Reliance's statutory duty to comply with the mandates of ERISA while making a "final decision," even though the Second Termination Letter effectively made an initial decision on new grounds. Moreover, we are aware of no provision in ERISA or otherwise, which would permit the district court, by judicial fiat, to abrogate and nullify a claimant's validly existing statutory entitlements under ERISA.

> The force of such a rule, making the party act on pain of certain punishment regardless of the validity

of the order violated or the court's jurisdiction to enter it as determined finally upon review, would be not only to compel submission. It would be also in practical effect for many cases to terminate the litigation, foreclosing the substantive rights involved without any possibility for their effective appellate review and determination.

*United States v. United Mine Workers of America*, 330 U.S. 258, 351-52 (1947).

Putting aside the frailty of Reliance's proposed judicial limitation of a claimant's statutory rights, it is evident from the plain language of the July 11 Order that the district court did not direct Reliance to ignore Gagliano's ERISA rights during the process of an administrative review or purport to grant Reliance the authority to do so.

### 3.   Substantial Compliance

Citing *Ellis v. Metropolitan Life Insurance Co.*, 126 F.3d 228 (4th Cir. 1997), for the proposition that "substantial" compliance with the spirit of the regulation will suffice, for "not all procedural defects will invalidate a plan administrator's decision," *id.* at 235 (quoting *Brogan v. Holland*, 105 F.3d 158, 165 (4th Cir. 1997)), Reliance contends the language of the Second Termination Letter was in substantial compliance with the ERISA requirement for appeal notice to a claimant. Specifically, Reliance posits that the closing sentence of the Second Termination Letter, "we would be happy to consider any additional information your client wishes [Reliance] to review" effectuated substantial compliance with ERISA. We disagree.

Reliance does not challenge the validity of the regulations at 29 C.F.R. § 2560.503-1 implementing the notice provision of 29 U.S.C. § 1133. Those regulations specify the claims procedures necessary to meet the ERISA requirements for a

"full and fair review," including, but not limited to the following:

> [T]he claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures . . . (ii) Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits; (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits; (iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

29 C.F.R. § 2560.503-1(h)(2)(ii)-(iv) (2008); *see also* § 2560.503-1(h)(4). Reliance's offer to "consider any additional information" is not remotely close to any concept of substantial compliance under the regulations and is further evidenced by the absence of any case authority cited by Reliance to support its argument. Thus, the contention that Reliance substantially complied with the ERISA notice requirements is without merit.

Accordingly, we conclude the district court did not err in determining "that Reliance failed to comply with the notice requirements of ERISA," *Gagliano*, slip op. at 9, and affirm the district court's judgment in that regard.

## B.    Remedy

"Having concluded that Reliance violated ERISA," the district court properly reasoned that "the remaining question is

how to remedy the violation." *Gagliano*, slip op. at 11. Concluding that Reliance made a mistake in not initially asserting the Pre-Existing Conditions Limitation as the basis to terminate Gagliano's disability benefits, the district court held that this "negligent failure" on the part of Reliance was a bar "to a second chance to litigate an issue." *Id.* at 15. Citing *Wenner v. Sun Life Assurance Co. of Canada*, 482 F.3d 878 (6th Cir. 2007), the district court opined that once Reliance denied Gagliano's claim for the reason given in the Initial Termination Letter, it could not thereafter support termination of "benefits for an entirely different and theretofore unmentioned reason" in the Second Termination Letter. *Wenner*, 482 F.3d at 882. To do so, the district court reasoned, nullifies "the opportunity for 'full and fair review'" as afforded by ERISA. "When an insurer changes the basis for its denial during the appeal process—whether during administrative review or judicial review—that opportunity is lost."[5] *Gagliano*, slip op. at 10. Insomuch as the record reflected the basis for denial of benefits in the Initial Termination Letter was no longer valid,[6] and Reliance could not assert the Pre-Existing Conditions Limitation, no other basis existed in the record to deny Gagliano's claim. The district court thus concluded an award to Gagliano of the long-term disability benefits was the appropriate remedy. "To allow an insurance company to benefit from its own negligence in the processing of an ERISA bene-

---

[5]The district court also relied on an unpublished opinion from this circuit, *Thompson v. Life Insurance Co. of North America*, 30 Fed. Appx. 160 (4th Cir. Mar. 4, 2002) (unpublished), for this viewpoint. For the reasons set forth herein, *Thompson* appears incorrectly decided, but is of no precedential value in any event.

[6]The basis for terminating benefits in the Initial Termination Letter was that Gagliano was able to perform the functions of her employment and was not suffering from a covered disability. However, the IME conducted pursuant to the July 11 Order proved this rationale was not valid. The evaluating physician found that "Mrs. Gagliano's current emotional and psychological condition would prevent her from returning to her job in the finance office of an automobile dealership." Reliance did not contest this finding in the district court or on appeal.

fit claim would send the wrong message to insurers, unduly extend the review process, and pose potential unreasonable burdens on the judiciary, which would be faced with multiple rounds of litigation." *Gagliano*, slip op. at 15.

Reliance contends the district court's remedy was in error for several reasons. First, Reliance argues the district court ignored Fourth Circuit precedent which establishes "that state law claims for waiver and estoppel are pre-empted by ERISA," but that the court nonetheless applied the concept of waiver to estop Reliance from asserting the Pre-Existing Conditions Limitation. Second, Reliance contends the summary award of benefits to Gagliano is contrary to controlling Fourth Circuit precedent when a procedural ERISA violation is involved. Instead, Reliance contends a substantive remedy is inappropriate for a procedural ERISA violation and the correct remedy is a remand to the plan administrator for a "full and fair review." We agree with Reliance.

### 1.   ERISA Preemption

In *White v. Provident Life & Accident Insurance Co.*, 114 F.3d 26 (4th Cir. 1997), the insurer issued an insurance policy based upon a legitimate "mistake." Upon discovery of the error, the insurer notified the insured of the mistake, tendered repayment of all premiums, and cancelled the policy. The insured asserted the insurer's "mistaken acceptance of premiums constituted a waiver of its right to deny" the validity of the policy. *Id.* at 29. We rejected that argument outright because an ERISA claimant:

> cannot premise this waiver theory on state law. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. In *Holland v. Burlington Industries*, 772 F.2d 1140 (4th Cir. 1985), we specifically held that state law waiver and estoppel claims were preempted by ERISA, noting that such

> claims pose a risk of creating "conflicting employer obligations and variable standards of recovery." This is precisely the result that ERISA's broad preemption clause was enacted to avoid.
>
> Nor can White rely on the federal common law under ERISA, which does not incorporate the principles of waiver and estoppel.

*White*, 114 F.3d at 29. (citations omitted). *See also Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390 (9th Cir. 1995); *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58-59 (4th Cir. 1992); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991). Although the district court did not use the terms "waiver" or "estoppel," that is clearly the actual effect of the court's holding.

The "mistake" in *White* of negligently issuing the insurance policy could not create an equitable bar of waiver and estop the insurer from applying the ERISA plan as written and administering the Plan in compliance with ERISA which required cancellation of the insurance policy in question. Similarly, the "mistake" by Reliance in failing to initially assert the Pre-Existing Conditions Limitation cannot estop Reliance from asserting that exclusion under some notion of waiver because Reliance is required to administer the Plan as written, including the Pre-Existing Conditions Limitation. The district court's holding has the actual effect of deeming Reliance to have waived the Pre-Existing Conditions Limitation and estopping it from administering the Plan according to its terms. But as we made clear in *White*, "ERISA . . . does not provide for such unwritten modifications of ERISA plans. *See* 29 U.S.C. § 1102(a)(1) (requiring that '[e]very employee benefit plan shall be established and maintained pursuant to a written instrument'); 29 U.S.C. § 1102(b)(3) (requiring that an ERISA plan describe the formal procedures by which the plan may be amended.)" *White*, 114 F.3d at 29. *See also Canada Life Assurance Co. v. Estate of Lebowitz*, 185 F.3d 231,

235 (4th Cir. 1999) ("This Court will enforce the plain language of an insurance policy unless it is in violation of ERISA."); *Coleman*, 969 F.2d at 56 ("While a court should be hesitant to depart from the written terms of a contract under any circumstances, it is particularly inappropriate in a case involving ERISA, which places great emphasis upon adherence to the written provisions in an employee benefit plan."); *Lockhart v. United Mine Workers of America 1974 Pension Trust*, 5 F.3d 74, 78 (4th Cir. 1993) ("The award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself.").

Under the terms of the Plan, a claimant with a pre-existing condition (as defined in the Plan) is not entitled to receive benefits. ERISA requires the Plan be administered as written and to do otherwise violates not only the terms of the Plan but causes the Plan to be in violation of ERISA. *See* 29 U.S.C. § 1102(a)(1) (2008). As the foregoing cases readily illustrate, the district court was without authority to direct the plan administrator to administer the Plan contrary to its terms by injecting the prohibited concepts of waiver and estoppel. Thus, the district court erred in making the effective holding that Reliance was estopped from asserting the Pre-Existing Conditions Limitation as a basis to deny Gagliano benefits under the Plan.

## 2.    Remand

Insomuch as Reliance can assert the Pre-Existing Conditions Limitation, the district court's conclusion that Gagliano was entitled to summary judgment because there was no remaining basis for denial of the disability benefits is incorrect. Similarly, the district court's holding that the procedural ERISA violation, by virtue of the defective Second Termination Letter, entitled Gagliano to the substantive relief of an award of benefits is also in error.

Our decision in *Sedlack v. Braswell Services. Group, Inc.*, 134 F.3d 219 (4th Cir. 1998), guides the result in this case.

We determined in *Sedlack* that, as in the case at bar, a defective notice to a plan participant could not create a substantive remedy for a claim that was otherwise not cognizable under the terms of the ERISA plan.

> Section 1133 requires that every plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). Although the district court found that Braswell's notices were defective, it held that Sedlack could not recover for unreasonable claims practices because a breach of section 1133 does not provide a claimant with any new substantive rights. "Where, as here," the district court concluded, "Sedlack's claim is not covered, Braswell's breach of section 1133 would not entitle him to benefits or to an award of damages." This reasoning is sound and supported by persuasive judicial authority. *See Ashenbaugh v. Crucible Inc., 1975 Salaried Retirement Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988) (noting "general principle" that "an employer's or plan's failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy"), *cert. denied*, 490 U.S. 1105; *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (9th Cir. 1985) ("A substantive remedy would be appropriate only if the procedural defects caused a substantive violation or themselves worked a substantive harm.").

*Sedlack*, 134 F.3d at 225.

Even though Reliance failed to provide Gagliano with the proper appeals notice required by ERISA in the Second Termination Letter, that procedural violation cannot afford Gagliano a substantive remedy if she has no entitlement to benefits

under the terms of the Plan.[7] In cases where there is a proce-dural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a "full and fair review" can be accomplished. "Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's non-compliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair review.'" *Weaver*, 990 F.2d at 159. *See also Caldwell v. Life Ins. Co. of N. America*, 287 F.3d 1276, 1288-89 (10th Cir. 2002).

The only exception to that rule would be where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law. That was, in fact, the situation in *Weaver*, where the insurer "produced no evidence that it even remotely considered any specific reasons in denying the claim." *Weaver*, 990 F.2d at 159. No similar circumstance exists in the case at bar, as the record reflects, at minimum, a colorable claim that the Pre-Existing Condi-tions Limitation applies.

The district court's reliance on the Sixth Circuit's decision in *Wenner* was misplaced, both because it is contrary to the law of this circuit and because that decision's rationale is flawed. In *Wenner*, a claimant's ERISA benefits were ordered reinstated, a substantive remedy, even though the only ERISA violation was a 29 U.S.C. § 1133 procedural violation and the merits of the claim had not been decided. The dissent in *Wen-*

---

[7] Whether the Pre-Existing Conditions Limitation does, in fact, apply is not an issue before the Court in this appeal. Even though Reliance argues on brief that the record proves the Pre-Existing Conditions Limitation applies, and thus we should enter judgment for Reliance, this argument is, at best, premature. Due to the failure of Reliance to comply with ERISA notice requirements, Gagliano was denied her right to make an administra-tive record on the Pre-Existing Conditions Limitation issue as well as other rights set forth in 29 C.F.R. § 2560-503-1(h). Reliance has no basis to receive a judgment in its favor at this stage of the proceedings.

*ner* correctly analyzed the frailty of the majority position and that of the district court in this case.

> There is no legal basis to order the payment of benefits as a penalty for violation of the procedural requirements of ERISA. First, there is no statutory basis in ERISA for the payment of benefits not otherwise required by the plan as a penalty for violating procedural requirements. We held, for instance, in *McCartha v. National City Corp.*, 419 F.3d 437, 447 (6th Cir. 2005), that a plan administrator's procedural violation did not require a substantive remedy because the administrator affirmed the initial benefits denial on appeal. Thus, even though the administrator violated 29 U.S.C. § 1133, the plaintiff was not entitled to a substantive remedy under ERISA because the administrator properly determined that the plaintiff was not entitled to disability benefits. *See also Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 461 (6th Cir. 2003); *Syed v. Hercules, Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (Alito, J.).

> Reinstatement is not necessary in order to make the plaintiff whole for a procedural violation. The flaw in holding otherwise is that a plaintiff is *more* than made whole—and indeed receives a windfall—if after proper procedures it is determined that the plaintiff was not entitled to the benefits that the administrator terminated with flawed procedures.

*Wenner*, 482 F.3d at 884 (Rogers, J., dissenting).

By failing to follow the precedent in this Circuit established by *Sedlack* and *Weaver*, the district court erred in granting Gagliano a substantive remedy in the form of an award of disability benefits for a procedural violation of ERISA. The proper remedy was to remand to the plan administrator for the "full and fair review" to which Gagliano is entitled regarding

the denial of benefits on the basis of the Pre-Existing Conditions Limitation in the Second Termination Letter. Accordingly, the district court's award of summary judgment to Gagliano is reversed.[8]

### III.

For the foregoing reasons, the judgment of the district court is affirmed in part, reversed in part, and the case remanded for entry of an order to remand the case to the plan administrator for a full and fair review regarding the basis for denial of benefits in the Second Termination Letter.

*AFFIRMED IN PART,*
*REVERSED IN PART,*
*AND REMANDED*

---

[8]As to Reliance's final issue on appeal the district court did not err in granting a motion to reconsider its earlier award of summary judgment to Reliance. The district court has considerable discretion in deciding whether to modify or amend a judgment. While it is true that it is a remedy to "be used sparingly," this Court has determined that a motion to alter or amend a judgment under Rule 59(e) is appropriate on three different grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

The district court did not err in holding that there was an error of law with respect to its earlier award of summary judgment to Reliance because the earlier judgment did not take into account the procedural violation of ERISA by Reliance. Accordingly, the district court's reconsideration of its prior judgment was appropriate.