# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

No. 11-50861

Lyle W. Cayce
Clerk

LUCAS ROSSI,

Plaintiff – Appellant

v.

PRECISION DRILLING OILFIELD SERVICES CORPORATION
EMPLOYEE BENEFITS PLAN,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas

Before JONES, GARZA, and PRADO, Circuit Judges.

GARZA, Circuit Judge:

Lucas Rossi ("Rossi") appeals the district court's grant of summary judgment to Precision Drilling Oilfield Services Corporation Employee Benefits Plan (the "Plan") on Rossi's claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. We VACATE and REMAND to the district court for entry of an order remanding the case to the Plan for a full and fair review.

No. 11-50861

**I**

Rossi suffered a hemorrhagic stoke due to the rupture of an arteriovenous malformation when he was sixteen, and he will likely need care for the remainder of his life. As the son of an employee of Precision, he is a beneficiary of the Plan, administered by Precision Drilling Oilfield Services Corporation and managed, for purposes of this appeal, by United Medical Resources, Inc. The Plan is governed by ERISA.

Rossi underwent surgery at Memorial Hermann Hospital then transferred to The Institute for Rehabilitation and Research–Memorial Hermann Hospital ("TIRR") for acute rehabilitation. TIRR physicians treated Rossi with aggressive physical, occupational, and speech therapy. Rossi's condition improved enough for him to transfer to Eventide Nursing Home ("Eventide") to be closer to his home. Rossi continued to undergo his aggressive therapy regime for about a month at Eventide. The Plan then denied further coverage for Rossi's time at Eventide. The Plan stated,

> Based on the clinical information provided, the requested skilled nursing facility stay is not covered under the plan because the level of care the patient is receiving appears to be custodial/maintenance at this time. There is not enough clinical information on the physical/occupational therapy being provided to meet rehabilitation criteria.

Rossi's condition rapidly deteriorated after leaving Eventide such that his physician recommended he be admitted to St. David's Rehabilitation and Nursing Facility ("St. David's") for the same aggressive rehabilitation he was receiving first at TIRR and then at Eventide. The Plan denied coverage for St. David's as well, but for a different reason. Instead of relying on the

No. 11-50861

"custodial/maintenance" characterization of Rossi's treatment, the Plan focused on the amount of treatment and likelihood of improvement necessary for St. David's to fit the Plan's definition of "rehabilitation facility":

> This admission does not meet the plan definition for rehabilitation facility. The plan criteria for treatment in a rehabilitation facility include the necessity of PT/OT (physical and occupational therapy) five days per week at a minimum. This patient does not meet these criteria. The plan criteria also include the necessity of realistic goals and the likelihood of significant improvement. The patient does not meet these criteria. Realistic functional goals with the likelihood of functional improvement have not been documented. The case is denied due to plan limitation.

Rossi administratively appealed both the Eventide and St. David's denials. The Plan forwarded the appeal to an independent, outside reviewer, who recommended denying coverage. The reviewer concluded,

> The patient is being recommended for an in depth physical therapy program that does not appear to be custodial in nature or maintenance therapy. However, the provided plan and policy language specifically excludes inpatient care solely for the purpose of a physical rehabilitation program. Based on the clinical information submitted for this review, the request for an inpatient physical therapy rehabilitation program would be excluded from coverage based on the plan and policy language provided.

Based on the independent reviewer's recommendation, the Plan denied coverage. The Plan did not rely on either a "custodial/maintenance" characterization of Rossi's treatment or an insufficient amount of treatment or likelihood of success necessary for its definition of "rehabilitation facility". Instead, the Plan based the administrative appeal denial on an exclusion for physical therapy

No. 11-50861

admissions. This exclusion states, "Physical therapy admissions: room and board or general nursing care for *hospital* admissions solely for physical therapy." (emphasis in original). The denial letter stated the decision was "final, binding and conclusive" and advised Rossi of his right to bring an ERISA action.

Following denial of his administrative appeal, Rossi brought suit under ERISA. As part of this litigation, the Plan relies on two new reasons for denying coverage that were not in the administrative record prior to litigation. First, the Plan covers inpatient occupational, physical, and speech therapy that is "consistent with the diagnosis and treatment of the patient's condition." The Plan asserts Rossi's treatment at Eventide and St. David's does not comport with this language, concluding Rossi's care can only be covered under the outpatient provisions for occupational, physical, and speech therapy. Second, the Plan relies on its explanation of coverage for hospital admissions, which excludes care that "could have been provided in a physician's office, hospital outpatient department, or lower level of care facility without reduction in the quality of care provided and without harm to the patient." The Plan asserts Rossi's occupational, physical, and speech therapy can be conducted on an outpatient basis without harm to Rossi or a reduction in his quality of care.

Rossi and the Plan filed cross-motions for summary judgment. The district court granted the Plan's motion and denied Rossi's motion, holding the Plan did not abuse its discretion as a matter of law in denying Rossi coverage. Rossi timely appealed.

## II

"We review a district court's judgment on cross motions for summary judgment de novo, addressing each party's motion independently, viewing the

evidence and inferences in the light most favorable to the nonmoving party." *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 745 (5th Cir. 2009) (citations omitted). Summary judgment is appropriate where the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Baker v. Metro Life Ins. Co.*, 364 F.3d 624, 627 (5th Cir. 2004). Where, as here, an ERISA benefits plan gives its administrator discretionary authority, we review the administrative decision for abuse of discretion. *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651–52 (5th Cir. 2009). Abuse of discretion is absent where the decision is supported by substantial evidence. *Id.* at 652. We review procedural challenges for substantial compliance with ERISA procedures. *Lacy v. Fulbright & Jaworski, LLP*, 405 F.3d 254, 257 (5th Cir. 2005).

### III

Rossi asserts the Plan did not comply with procedures set out by ERISA, 29 U.S.C. § 1133, by changing its basis for denial on administrative appeal and by not identifying the independent physician reviewer who recommended denial on administrative appeal. Rossi did not specify the failure to identify the physician in his amended complaint; therefore, we do not address this issue. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face). We agree with Rossi, however, that the Plan did not substantially comply with ERISA procedures by changing its basis for denying coverage on administrative appeal.

ERISA mandates certain procedures in reviewing denial-of-benefits decisions. In relevant part, ERISA provides:

> [E]very employee benefit plan shall

No. 11-50861

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133 (2006). We have held, "Section 1133 and its corresponding regulations require that the Plan: (1) provide adequate notice; (2) in writing; (3) setting forth the specific reasons for such denial; (4) written in a manner calculated to be understood by the participant; and (5) afford a reasonable opportunity for a full and fair review by the administrator." *Wade v. Hewlett-Packard Dev. Co. L.P. Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir. 2007) (abrogated on other grounds). "To comply with the full and fair review requirement in deciding benefit claims under ERISA, a claim administrator must provide the specific grounds for its benefit claim denial." *Cooper*, 592 F.3d at 652 (internal quotation marks omitted).

The Plan did not substantially comply with the "full and fair review" requirement because it relied on an entirely different ground for denial on administrative appeal. In denying coverage for Rossi's stay at Eventide, the Plan based its decision on the custodial or maintenance nature of Rossi's care. Then, in denying coverage for Rossi's stay at St. David's, the Plan based its decision on finding Rossi did not meet the minimum standard of requiring therapy five days per week and did not have a likelihood of significant improvement. Only when Rossi administratively appealed these decisions did

the Plan reverse course and rely on the exclusion for inpatient care solely for physical therapy.

The Plan relies on *Cooper*, where we found substantial compliance with ERISA procedures even though the disabilities benefits plan at issue there referred to additional evidence on administrative appeal that was absent from its initial denial. *Id*. at 654–55. In *Cooper*, however, the additional evidence "[did] not provide the [plan] with a different basis for affirming the Administrator's initial denial of Cooper's claim, but rather, it provide[d] the [plan] with a concrete affirmation that the Administrator's original assessment of the medical evidence in the record was correct." *Id*. at 654. Here the Plan relied on an entirely different provision, the physical therapy exclusion, for the first time on administrative appeal. The exclusion is a different basis for denial, not additional evidence supporting the initial assessment. In fact, the reasoning on administrative appeal explicitly abrogates the custodial or maintenance finding of the Eventide denial and does not even mention the five days per week or likelihood of improvement findings of the St. David's denial.

The Plan asserts that even if its reasoning did change on appeal, the Eventide denial put Rossi on sufficient notice about the ultimate rationale by stating, "There is not enough clinical information on the physical/occupational therapy being provided to meet rehabilitation criteria." As a result, Rossi provided documentation on his medical condition to the Plan. The Plan relies on *Wade*, where we held a plan substantially complied with ERISA despite procedural errors in part because "[t]he administrator, when making its final determination to deny Wade's benefits claims, had in-hand all of the documentation regarding Wade's claim." *Wade*, 493 F.3d at 540. *Wade* did not

No. 11-50861

address a change in reasoning on appeal and does not dispose of this specific issue. Rather, the Plan's assertion that its initial denial substantially complied with ERISA procedures is specifically foreclosed by *Lafleur v. Louisiana Health Service & Indemnity Co.*, 563 F.3d 148 (5th Cir. 2009). The plan at issue in *Lafleur* initially denied coverage based on an insufficient showing by the patient that he required more than only custodial care, then switched its reasoning on appeal and based the denial on an exclusion in coverage. *Id*. at 155–56. We held, "Although these various reasons for denial are all generally based on the Custodial Care exclusion, the lack of specificity in the denial letters did not give Lafleur the fair notice contemplated by the ERISA regulations." *Id*. at 156. Like in *Lafleur*, here the Plan denied Rossi coverage based on an insufficient showing then switched its reasoning on appeal to rely on an exclusion. Therefore, the statement of insufficient showing in the Plan's initial denial letter is not enough to establish substantial compliance under *Lafleur*.

Furthermore, we held in *Robinson v. Aetna Life Insurance Co.*, 443 F.3d 389 (5th Cir. 2006), "that section 1133 requires an administrator to provide review of the specific ground for an adverse benefits decision." 443 F.3d at 393. There, the administrator argued that despite shifting its reasoning for denial on appeal, "it did review the ultimate decision that Robinson was not totally disabled." *Id*. We held the administrator did not substantially comply with ERISA's procedural requirements because "Robinson never had an opportunity to contest at the administrative level [the] new basis for terminating his benefits." *Id*.[1] That holding contemplated two important policies. First, "[t]he

---

[1] We also relied on the administrator's failure to provide the identity of its reviewer, in violation of § 1133(2) and 29 C.F.R. § 2560.503-1(h)(3)(iv). *Id*. It seems the Plan in the instant case likewise did not provide the identity of the administrative appeal reviewer, but,

notice requirements of [subsection (1)] help ensure the meaningful review [on administrative appeal] contemplated by subsection (2)." *Id.* (internal quotation marks omitted).    Second, "mandating review of the specific ground for a termination is consistent with our policy of encouraging the parties to make a serious effort to resolve their dispute at the administrator's level before filing suit in district court."  *Id.*  The same policy reasons for disallowing switching reasons on administrative appeal apply here.  Because "[t]he purpose of section 1133 is to . . . ensure meaningful review of [a] denial [of benefits]," *Wade*, 493 F.3d at 539 (internal quotation marks omitted), and to be meaningful the review must contemplate the "specific reasons" for denial, *Robinson*, 443 F.3d at 393, it is impossible for the purpose of § 1133 to be fulfilled where the Plan denied Rossi a full and fair review by changing its basis for denial of benefits on administrative appeal.  Therefore, we hold the Plan did not substantially comply with the procedural requirements of ERISA.

## IV

"Remand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA."  *Lafleur*, 563 F.3d at 157 (citing authorities).  This rule is applicable where there is a colorable claim for denial of benefits.  *Id.* at 158 (citing *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008)).  An exception applies where the denial was an abuse of discretion because the evidence clearly shows the denial was arbitrary

---

as discussed above, Rossi waived this issue by not including it in his amended complaint.

No. 11-50861

and capricious.  *Id.*[2]  A denial is arbitrary and capricious in the ERISA context when it is not supported by concrete evidence in the record.  *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) (abrogated on other grounds).  When that is the case, granting summary judgment for the plaintiff is appropriate, as it was in *Robinson*, 443 F.3d at 396.

Here, remand to the Plan is appropriate to give the parties an opportunity to fully develop the record in order for the Plan to determine whether the care Rossi is seeking falls within the Plan's coverage.  The record on appeal does not clearly indicate which of Rossi's medical records the Plan had available at the various administrative proceedings, and the Plan should consider Rossi's medical records to determine whether the care he seeks is consistent with the Plan, whether at a hospital or a rehabilitation facility.  Therefore, on remand Rossi may offer any evidence in response to the Plan's contentions.

## V

For these reasons, we VACATE and REMAND to the district court for entry of an order remanding the case to the Plan for a full and fair review.

---

[2] The general rule may also be subject to exception where remand is a useless formality–for example, in the event of the plaintiff's death that prevents presentation of further evidence on remand.  *Id*. at 158 n.22.